## United States District Court,
## District of Columbia

Abigail Carmichael Jordan )
)
*Plaintiff* )
)
v. )
)
Antony L. Blinken, *in his official* )
*capacity as Secretary of State* )
)
Paul Peek, *in his official capacity as Director* )
*of passport adjudication and in his* )
*private capacity as tortfeasor* )
)
Passport Agent(s) whose pseudonym is "Customer )
Service Department", *in their* )
*private capacity as tortfeasor* )
)
The United States )
)
*Defendants* )

Case: 1:24−cv−01844
Assigned To : Unassigned
Assign. Date : 6/26/2024
Description: Pro Se General (F-Deck)

## COMPLAINT

### Introduction

1.    Plaintiff Abigail Carmichael Jordan (Hereinafter "Abigail" or "I" or "me") applied

twice for a United States passport for which I am eligible as a matter of fact and law.  I provided

adequate documentary evidence of my eligibility by nationality and citizenship as one being born

in Virginia, United States of America.  None-the-less, the adjudicator, a tortfeasor (under the

pseudonym "Customer Service Department") demanded of me documentation that does not

exist, that is not required by law to exist, that is not something for which the adjudicator was

directed to demand according to any law, regulation, Foreign Affairs Manual or the Foreign

Affairs handbook.  The adjudicator was acting *ultra vires* (beyond one's legal power or authority)

RECEIVED

JUN 2 6 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

as lawmaker, enforcing their own *ultra vires* law, and judging their own *ultra vires* cause, in violation of the United States Constitution, the laws of the United States, causing injury to me in my rights and schedule for overseas travel.

2.    The documents provided by me, with my passport applications, were sufficient for any reasonably minded person of average intelligence to discern that I am eligible for a United States passport; and that the adjudicator abandoned the boundaries and duties of their office, using the passport as a means of coercion and punishment for me not conforming to a non-requirement.  The District Court's power to compel the issuance of the passport is the immediate relief that is due, with damages to follow.

## PARTIES

3.    I, Abigail Carmichael Jordan (Abigail) born Abigail Hope Carmichael, am the Plaintiff.  My *domicil* of origin is Virginia, United States of America, where I have resided since my birth.

4.    The Defendant is, Antony L. Blinken, in his official capacity as the Secretary of State of the United States of America.

5.    The Defendant is also Mr. Paul Peek, Director of the Office of Passport Adjudication, in his official capacity.  It is also Mr. Paul Peek in his personal or private capacity whereby his actions and deliberate indifference and refusals to act upon his duties, were in violation of the Constitution and laws of the United States of America and injured the Plaintiff.

6.    The Defendant is also the tortfeasor(s) in their personal or private capacity who represented themselves by the pseudonym "Customer Service Department" in their correspondence to me, who unlawfully denied my passport and demanded actions by me that are not required or authorized by law, in violation of the Constitution and laws of the United States

of America, and they caused injury to me.

7.     The Defendant is also the United States.

## JURISDICTION

8.     The district court has original jurisdiction in this case of law and equity, and the laws of the United States, pursuant to the Constitution, Article III, the United States statutes encoded at 5 U.S.C. §552a(g), Privacy Act, 5 U.S.C. §§701-706 Administrative Procedures Act; 8 U.S.C. § 1503, Proceedings for declaration of United States nationality; 42 U.S.C. § 2000bb, *et seq.*, Religious Freedom Restoration Act; 28 USC §1331, Federal Question, §§ 1346(a)(2) and (b)(1), United States as Defendant; 28 U.S.C. § 1361, Action to compel an officer of the United States to perform his duty; 28 U.S.C. 1651, Writs; 28 U.S.C. § 2201 Declaratory Judgment Act, Creation of remedy; 28 U.S.C. § 2202, Further relief; for writ of mandamus or injunction, declaratory judgment, restitution of costs and fees, damages and further relief by law or equity.

## VENUE

9.     Pursuant to Federal Civil Procedure, 28 USC §§ 88, 1391(e) and 8 U.S.C. § 1503, venue is properly in the United States District Court, District of Columbia, where the Defendants' agency's headquarters are in the City of Washington, D.C.

## STATEMENT OF FACTS / ALLEGATIONS

10.     I, Abigail Hope Carmichael, was born on the land within the jurisdiction of the United States on Saturday, November 7, 1998, in Hampton, Virginia, U.S.A (Exhibit 1 - pp. 1, 2, 5, 8, 9, 10 – Documents filed with passport application, Nov. 9, 2022).  I have not expatriated.  I married on June 12, 2021, changed my name to Abigail Carmichael Jordan, and is the Plaintiff/Petitioner.

11.     My parents, David Alan Carmichael and Leslie Young Carmichael, are both natural

born citizens of the United States. David was born in Castro Valley, California and Leslie in Pascagoula, Mississippi (Exhibit 1 – pp. 5, 8).

12.    The Foreign Affairs Manual, that guides the passport adjudicators, has language explaining that the facts of my birth relate to those of a natural born national and citizen of the United States of America, by the law of blood and the law of the land (Exhibit 2, Foreign Affairs Manual, 8 FAM 301.1, Citizenship Acquisition by Birth in the United States).

13.    I applied for a United States passport on or about, April 4, 2019. I proffered adequate evidence to fulfill the burden of proof to show that I am a natural born citizen or national of the United States (Exhibit 3, 22 C.FR. § 51.1, Definitions of citizen, national, and United States as it applies to passports; Exhibit 4, 22 C.F.R. §§ 51.40, 51.41, and 51.42, burden of proof, documentary evidence, and persons born in the United States applying for a passport for the first time).

14.    I attached to my passport application, a letter to Secretary Pompeo, requesting a religious accommodation and explained why I could not provide a birth certificate (Exhibit 5, pp. 8-9). I signed the letter declaring the facts under penalty of perjury, attesting to the documents that I provided.

15.    I provided the requisite current photograph, fee, a Virginia driver's license as evidence of my identity, and documents to show that I am eligible for a United States passport (Exhibit 5 – pp. 8-14) which I referenced in the letter that I attached to my passport application. I provided documentation that was available to me of the type that was later demanded by the passport adjudicator (Exhibit 5, pp. 6-7, Passport Agency Request for Information). A vaccination/shot record and a pediatrician's visit record were provided to the passport adjudicators (Exhibit 5, p. 12 and 13). There are no 'early' school records because I was

schooled at home.  A later record of Standardized Testing was provided to the Adjudicator (Exhibit 5, p. 14).

16.    My documents included a declaration made under the penalty of perjury by my father explaining that he and his wife deliberately made sure that there was no birth certificate for me so that there would not be any enumeration at birth (Exhibit 5, p. 9).  The declaration of Mr. Carmichael said:

> Secretary Pompeo,
>
> **I, with my wife, was very careful to not obtain a birth certificate for our daughter Abigail Hope Carmichael, or to allow anyone to enumerate her at birth with a Social Security Number (hereinafter SSN).**
>
> I and my household do not participate in Social Security or identify with its numbers for reasons of sincere and bona fide religion.  The bona fides of our religion and the right to not-identify with a SSN were substantiated in the case *David Alan Carmichael v. United States*, 298 F3d. 1367, Ct. App. (Fed. Cir., Aug 2002); 66 Fed. Cl. 115 (2005); 70 Fed. Cl. 81 (2006).
>
> The Power is vested in you to grant any accommodation for religion.  It is actually a duty according to the Religious Freedom Restoration Act , USC §2000bb, et seq., and the policy of the United States, of the Executive Order 13798 and its implementing "MEMORANDUM FOR ALL EXECUTIVE DEPARTMENTS AND AGENCIES TITLED, "Federal Law Protections for Religious Liberties."
>
> I testify that my daughter Abigail Hope Carmichael was born to my wife Leslie, in Hampton, Virginia, the United States of America on November 7, 1998.  I am a first-hand witness to that birth.  My wife and I are both native born Americans and have all the rights due a U.S. Citizen, and have not sworn allegiance to any foreign nation, etc.
>
> Therefore, I request that you ensure that my daughter Abigail's application for a United States Passport is not arbitrarily delayed because she has not been enumerated.
>
> Respectfully yours,
>
> Under penalty of perjury according to the laws of the United States, I testify the forgoing facts to be true:
>
> (signature)                                          (April 4, 2019)

David Alan Carmichael                              Date

17.    On or about April 12, 2019, the Defendants replied to me, stating that my evidence

of U.S. citizenship or nationality was not acceptable because: "A statement from the appropriate

state registrar of records certifying that there is no birth record on file did not accompany the

evidence." AND, "The baptismal certificate is not complete." AND, "The statement of no

record of birth from the registrar's office . . . must be accompanied by public records preferably

created within the first 5 years of the date of your birth." The letter went on to ask for a Hospital

Certificate, Baptismal Certificate, Early School Record, or U.S. Census Record. There was no

citing of a statute, regulation, or Foreign Affairs Manual or other thing that would make it so that

those things listed were required or that those things provided by me were excluded. There was

no mention of why the other records provided by me were not sufficient, other than regarding the

Baptismal documentation (Exhibit 5, pp. 6-7).

18.    Trying to fulfill the demand of the passport adjudicator, I went to the Virginia

Department of Health and Vital Statistics office and filled out a form to request a record search.

However, the records agency refused to do a search unless I actually applied for a birth

certificate. Applying for a birth certificate would undermine the efforts of my father, could

possibly associate my name with a DNA record, and could have the Social Security

Administration produce an SSN record through data exchange between the state and federal

agencies. If an SSN record is produced, I cannot obtain a professional, occupational,

recreational, driver's or marriage license without identifying with a SSN, thanks to Section 666

of the federal welfare code (42 U.S.C. § 666(a)(13)(A)). I understood that the issuing of an SSN

would put me in the position of having to choose between obeying God's edict to not associate

with the 666 human enumeration scheme and being able to do so many things that are rights,

privileges or benefits that are otherwise available to me in ordinary life. I understood that there is no law of the United States or Virginia requiring me to establish a birth certificate record. I could not in good conscience before God fill out the part of the form that requested a birth certificate. Demanding that I violate my conscience before God in that matter places a substantial burden upon my religious expression. "Whatever is not of faith is sin." The Holy Bible, Romans 14:23 and "Render therefore to Caesar the things that are Caesar's, and to God the things that are God's." Matthew 22:21, Mark 12:17, Luke 20:25. (or from the Ben Tov's Hebrew manuscript, "What is Caesar's is Caesar's, What is God's is God's").

19.     On or about October 22, 2019, the Defendants sent a letter to me saying that my application for a passport was denied (Exhibit 5, p. 5). The government returned some of the original documents but did not return my original request for accommodation or the declaration of David Alan Carmichael attesting to my birth that was submitted with my passport application.

20.     Within thirty days of the denial letter's date, on or about November 21, 2019, I sent a letter to Defendant, Secretary of State Mike Pompeo, requesting an appeal of the October 22, 2019, decision to deny my passport (Exhibit 5, pp. 1-15). There was no response.

## Second Passport Application

21.     I married on June 12, 2021, and changed my name to Abigail Carmichael Jordan (Exhibit 1, p. 14 – marriage certificate).

22.     On or about September 15, 2022, I applied for a passport a second time, at the United States Post Office, 9631 1st View Street, Norfolk, Virginia (23503), providing the requisite current photograph, fees and documentation to establish my eligibility of a U.S. passport (Exhibit 1, Documentation submitted with passport application; Exhibit 6, USPS Money order for fee payment). Attached with my passport application was a letter to Secretary Blinken which gave

notice of the reasons why a birth certificate was not and could not be available, gave notice of my new name, gave notice of a need for religious accommodation, and other information. The Defendants issued a control number for the passport application, 349223669.

23. I filed supporting documents (Exhibit 1) with the passport application: 1) The April 12, 2019 United States Department of State Letter; 2) Affidavit of my father, David Alan Carmichael; 3) Pastor letter and baptismal record certified by the Pastor; 4) Affidavit of my mother Leslie, witness to the live birth; 5) Affidavit of Beth Mummert, witness to the live birth; 6) Affidavit of Bonnie Everett, witness to the live birth; 7) Immunization contemporaneous record; 8) Birth hospital bassinet identification card; 9) Marriage Certificate; 10) Virginia driver's license.

24. I received a letter from the Defendants written on or about November 9, 2022, saying: "The evidence of U.S. citizenship or nationality you submitted is not acceptable for passport purposes for the following reasons(s): "• **A statement from the appropriate state registrar of records certifying that there is no birth record on file did not accompany the evidence."** (Exhibit 7, emphasis original). The agency letter also said: "The birth affidavit(s) you submitted must be accompanied by a combination of early public records that show your date and place of birth such as a hospital certificate, baptismal certificate, early school records, or a U.S. census record."

25. The Defendants November 9, 2022 letter also explained that the passport acceptance agent did not fill out the passport application form properly. Their letter said that they would keep the documents that I filed with my passport application, and that I would not have to pay the acceptance fee again if I returned to the same facility (Exhibit 7 -Passport Agency ltr. November 9, 2022).

26.    I returned to the same facility on December 27, 2022, presented the letter to the acceptance agent, who was not the same person who accepted the initial application the previous month.  The acceptance agent processed my application, checked the boxes on the State Department's November 9, 2022, letter.  He queried me to see if I wanted a passport card as well.  I affirmed and paid the additional thirty-dollar fee.  My mother Leslie applied for a passport at the same time, paying only for the regular passport fee (Exhibit 8, USPS receipt of payment for passport fees for Leslie and passport card for Abigail).

27.    Since it appeared that the Defendant "Customer Service Department" tortfeasor, was deliberately ignoring the substance of the letter to Secretary Blinken and the documentation submitted with the passport application, and ignoring the fact that there was no requirement of law to support the demands of the tortfeasor, I sent a letter to Defendant Paul Peek at the same time that I filed my corrected passport application (Exhibit 9, Dec. 27, 2022 ltr to Paul Peek).  With that letter, I sent certified copies of the:  1)  Affidavit of Beth Mummert;  2)  Affidavit of Bonnie Everett;  3)  Birth Hospital Bassinet Identification Card;  4)  vaccination Record Card;  5) Virginia Department of Health Immunization Record.

28.    My letter to Director Paul Peek explained that he should ensure that my original application documents were not destroyed as I had filed an information request under FOIA and under Privacy law.  I reminded him that he had original affidavits from my parents and that certified copies of the original affidavits of Beth Mummert and Bonnie Everett were being provided to him.  I reminded him that a statement from the vital statistics agency could not be obtained under the circumstances and that it is not necessary as a matter of law.  I explained that "The explanations provided in the documents that I sent with my application referenced above are adequate for the purpose of establishing that I am a citizen of the United States of America.  I

am entitled to a United States passport, without any of the limitations of someone who is not entitled to the passport pursuant to 22 U.S.C. § 212" (Exhibit 9, p. 2).

29.    On or about Early January, 2023, I and my husband were supposed to have traveled with our friends and fellow ministers of the gospel to Viet Nam.  The two denials of my passport prevented me from doing so.  Approving the passport on November 9, 2022 rather than denying it, would have alleviated the injury to my natural, fundamental, and other rights and liberties of travel protected by the Constitution of the United States of America.

30.    On or about January 4, 2023, the tortfeasor Defendant under the pseudonym "Customer Service Department" sent a letter from the same address as that of Director Paul Peek at 44132 Mercure Cir, Sterling, Virginia  (Exhibit 10).  There was no longer any challenge to the form of the supporting documentation, only a complaint that there was no statement from a state registrar of records.  The return envelope accompanying the tortfeasor's letter directed that my reply go to the "CHARLESTON PASSPORT CENTER" (Exhibit 10, p. 2).

31.    I was in Puerto Rico for several weeks and did not immediately receive the January 4, 2023, letter that again demanded a letter from the Virginia government.  I replied to that letter on or about April 4, 2023 (Exhibit 11).   The letter said:

Customer Service Department
Via Charleston Passport Center
44132 Mercure Circle
P.O. Box 1031
Sterling, Virginia  20166

RE:  349223669

Ms. Customer Service Department,

Your refusal to issue my passport is unwarranted.  There is no requirement as a matter of law to justify that statement that you made that my passport application was denied for the following reason(s):  "A statement from the appropriate state registrar of records certifying that there is no birth record on file did not accompany the

evidence."

Your reference to the "www.ced.gov/nchs/w2w.htm" website provides no information that is relevant nor did it provide any authority to support your position.

The phone number that you provided was not useful. Each time that it was called, it was either busy or explained that there was too much volume and was therefore not accessible for me receive or transmit information regarding my case referenced above.

Your letter promised a denial with no reference for the process for appeal of the authority that provides for it.

It is my understanding that the standard that you use for proof of evidence is that standard ordinarily acceptable according to the common law. The affidavits from four eye witness to my birth is more than acceptable according to the common law.

My letter, which was itself a verified affidavit, explained why it was impossible to provide the document that you demanded. I applied to have the Commonwealth of Virginia do a search to show their records did not have a birth certificate assigned to me. However, the officer there refused to do the search unless I filled out the other part of the form that would have me actually applying for a birth certificate.

That officer has no authority to coerce me into applying for a birth certificate. Also, you and Secretary Blinken have no authority to use the passport as a means to coerce me to apply for a state birth certificate. The affidavits from my parents are sufficient as a matter of law to establish that I am eligible for a U.S. passport. They both are citizens on these United States according to the common law principles of the law of blood and the law of the land. As their child, born on the land of Virginia, one of the several United States, I am also a citizen of the United States by the law of blood and the law of the land.

Your request, under the circumstance here, is likely a violation of the Privacy Act and the Paperwork Reduction Act.

There is no justification for the denial of my passport application. There is only unlawful coercion. I demand that you issue the passport for which I applied. If not, provide the process through which I can appeal administratively.

Due to the demands of travel related to my Christian ministry, I have been prevented from responding earlier to your letter. I am sending a reply by email, and a hardcopy by certified U.S. Mail.

Respectfully,

Abigail Carmichael Jordan

Encl: U.S. Dept. State Letter, January 4, 2023

32.    On or about April 22, 2023, the tortfeasor under the pseudonym "Customer Service Department" sent an undated and unsigned letter that said my passport application had been denied (Exhibit 12).  The date is assumed by the postmark on the letter.  It was the second denial for my not complying with the tortfeasor's "request" for information.  The denial letter falsely stated, "Any documents you submitted with your application are enclosed."  The tortfeasor only returned the documents that were sent to Paul Peek on December 27, 2022 (Exhibit 9), and not the documents sent with the original application (Exhibit 1).  The tortfeasor's letter also falsely stated "The evidence you provided with your passport application is insufficient to establish your entitlement to a U.S. passport" (Exhibit 12, 2nd paragraph)."

33.    On or about June 11, 2023, I sent a letter to Secretary of State Blinken, requesting an appeal hearing, where among other things I said:

> "As a matter of the rights retained by the Bill of Rights of the Constitution of the United States of America; and the rights retained and protected by the Constitution of Virginia, Article I, Bill of Rights, the information I provided with my Form DS-11 application is sufficient as a matter of law to establish that I have the rights of citizenship under the common law tenets of the law of the land and the law of blood.  Neither your nor your delegates have the authority to use the right, benefit or privilege of a U.S. passport as a means of coercing me into applying for a Virginia Department of Health and Human Services, Office of Vital Statistics, Birth Certificate." (Exhibit 13, 3rd paragraph)

34.    On or about June 11, 2023, I sent a letter to Director Paul Peek providing a copy of the letter that I wrote to Secretary Blinken (Exhibit 14).  In that letter to Director Peek, I said that I was requesting a hearing, and:  "The substance of my declaration letter, and the substance of the supporting materials that I provided, was ignored.  You received my letter which forwarded a copy of my documents.  You or your delegate knew or should have known that those things I provided with my application were sufficient to show that I am not ineligible for a United States

passport. I have fulfilled every thing necessary, as a matter of law, to warrant the issuing of my passport. The denial of it to me amounts to an unlawful detention without due process." I demanded a hearing pursuant to 22 C.F.R. § 51.70 and a copy of the administrative record.

35. On or about June 11, 2023, I sent another Freedom Of Information Act (FOIA) request to Alaina B. Teplitz, FOIA Officer and Assistant Secretary of Administration (Exhibit 15). I Reiterated my FOIA previously sent, but ignored, that demanded documents relating to the consideration of passport adjudication with or without a birth certificate; a document showing the authority as a matter of United States law that the State government must provide certification "that there is no birth record on file" or that a passport cannot be issued without a birth certificate or without a State government certifying that no birth certificate exists; and any inter or intra departmental instructions relating to the topic. That FOIA has not been acted upon or has not been fulfilled. It is presumable that no such authentic or authoritative document exists to compel or allow the Defendants to deny my passport due to my not providing a statement from the state registrar of vital statistics or other state officer providing either a birth certificate or a statement that one does not exist.

36. On or about July, 3, 2023, in response to my correspondence of June 11, 2023, the tortfeasor Paul Peek or his delegate said among other things: "The denial was the final decision of the Department of State on your passport application because you did not provide sufficient documentary evidence of acquisition of U.S. citizenship pursuant to 22 C.F.R. § 51.43(b)(2). As such, you are not entitled to an administrative hearing to review the basis of the denial under 22 C.F.R. § 51.70. However, if appropriate, you may seek to pursue an action in U.S. district court under 8 U.S.C. § 1503" (Exhibit 16).

37. The regulation cited by Mr. Peek or his tortfeasor delegate is titled, "Persons born

outside the United States applying for a passport for the first time" (Exhibit 4, 22 C.F.R. §

51.43(b)(2), Persons born outside the United States applying for a passport for the first time). A

reasonable person of average intelligence can see by the plain reading of all the communications,

documents and passport application, that the regulation is not applicable, that I had no duty to

fulfill it, and Mr. Peek and his tortfeasors have no authority to deny the passport application on

that basis.

### Additional Facts

38.    I recently discovered the "Supplemental Questionaire to Determine Entitlement for a

U.S. Passport, OMB Control No. 1405-0214, that should have been used by the Tortfeasor as a

legitimate tool to query me for information (Exhibit 17, SUPPLEMENTAL QUESTIONNAIRE

TO DETERMINE ENTITLEMENT FOR A U.S. PASSPORT). The Tortfeasor did not send the

questionnaire to me. The questionnaire does not contain the query for a statement from Virginia

saying that no birth certificate exists. The questionnaire has an OMB Control Number showing

that it is the authorized instrument to be used, where the Tortfeasor's demand for a statement

from Virginia did not contain a OMB Control Number. The Paperwork Reduction Act tells the

Tortfeasor Defendant to notify me about the OMB number requirement and says that the

Tortfeasor cannot penalize me for not providing the information asked for on the non-OMB-

approved form. (44 USC § 3512(a)(1) and (2)).

39.    My Virginia citizenship by birth, and consequently United States citizenship by birth

was adjudicated by the Commonwealth of Virginia, Department of Motors vehicles, who had to

adjudicate my citizenship without a birth certificate in order to issue my a driver's license. That

license was used as proof of identity for the passport application (Exhibit 1, p.14, Virginia

Driver's License).

40.    For reasons of religion, my father did everything he could to ensure that a birth certificate was not issued for me.  It was to ensure that I was not enumerated at birth by a Social Security Number (Hereinafter, "SSN").  His religious beliefs and practices are well documented at *Carmichael v. United States*, 298 F.3d 1367, U.S. Ct. App. (Fed. Cir. Aug. 2002) and *Carmichael, et al. v. Pompeo, et al.* 486 F. Supp. 3d 360, U.S. Dist. Ct. (D.C. Aug. 28, 2020).

41.    Within a few days before I was born, my father David provided a letter addressed to the Administrator of the hospital where was to be born.  The letter notified the hospital that David had sincere religious beliefs and practices which prompted him to demand that the hospital staff not collect blood, tissue, hair, etc. of his newborn child for purposes of DNA recording.  He demanded for reasons of religion that they not provide information to the government gathered and sent for the purpose of assigning an SSN under the Enumeration at Birth Program.

42.    David suspected that the hospital would not honor his demands.  In dishonor of his demands, the hospital staff removed me from the hospital room in the middle of the night while Leslie was sleeping, and took blood from me to record my DNA.  The DNA testing was discovered by Leslie in the morning when she found an information brochure tucked into the baby's bassinet, that said tissue or blood, etc. was extracted for recording my DNA.  The brochure explained that Virginia law required the DNA recording to be done, but the last paragraph explained that the requirement was waived for those with religious objections.  The hospital ignored David's demands regarding their religious expression.

43.    Not knowing yet about the hospital's deception, David prepared a letter to the hospital administrator explaining that he would not give the hospital my name.  When David and Leslie prepared to take me home on or about November 9, 1998, David delivered the letter about

not giving my name, the hospital staff in harsh tones demanded to know my name and said that I could not be taken home until my name was provided for the hospital and for state birth records. David explained again his suspicion that the hospital would file paperwork behind his back to issue a Social Security Number, pointing out that they had done DNA testing against his demands and against the religious waiver provision. The hospital nonetheless stood firm on saying that I could not be taken home until a name was provided, until David said, "This will be an interesting story on WAVY TV 10 News." The hospital staff then relented. David and Leslie retained the label that was on my hospital bassinet (Exhibit 1, pp. 12, Label provided to passport agency). David ensured to the best of his ability, by not letting the hospital know my name, that an SSN would not be issued for me, nor would my identity be associated with my DNA signature, nor would a birth certificate be established whereby an SSN or the DNA record could be associated with me.

44.     At the first opportunity after taking me home from the hospital, my parents took me to a church service in Hampton, Virginia. While we were standing in the front row, a photographer snapped a picture of my dad (David), my mom Leslie who was holding me, and my brother Jesse standing with other people. The photos were taken at Restoration Church, 508 Fox Hill Road, Hampton, Virginia and published in the church membership directory of November 1998. Documents were discovered within the last few weeks that show the photograph was taken several days after my birth.

45.     The average pay of a passport officer is above twenty-five dollars per hour. The Tortfeasor (ie. Customer Service Department) is a passport officer presumed to be earning and paid the average pay. The pay of the top passport officers, of which Paul Peek is presumed to be in more than double that of the average passport worker, or at least fifty dollars per hour.

**Judicial Notice**

46.    I respectfully demand that the court take judicial notice of the stated facts, cited

exhibits, fundamental laws, statutory laws and codes, regulations, published policies and

procedures, etc., and apply them to the causes of action and demand for relief set forth in the

following paragraphs:

**First Cause of Action**
**Unconstitutional Acts Injuring Plaintiff**

47.    Notwithstanding that a reasonable person of average intelligence can deduce by

using the documents provided by me, the Plaintiff, in either of my 2019 and 2022 passport

applications, that I was born in Hampton, Virginia, on November 7, 1998, to my parents David

Alan and Leslie Young Carmichael; and that there are no facts which would make me ineligible

for a United States passport; the tortfeasor(s) who knew or should have known those facts, acting

under the pseudonym "Customer Service Department" (Hereinafter, "Tortfeasor"); unlawfully

denied my passport applications.  Defendants Secretary Blinken, Passport Adjudication Director

Paul Peek by themselves or by their delegates, have a duty to issue the passport to me since there

is no question that I am eligible for a United States passport.  By my filing the DS-11 passport

application, providing the fee, swearing an oath that the information is true, providing the current

photograph, and providing documents that actually exist and are indeed sufficient to prove

Plaintiff was born on the land that would make me a natural born citizen, I have a right to the

passport for which I applied.

48.    The Tortfeasor who denied the passport to me provided no authority, since none

exists, to withhold the issuance of my passport unless I applied for a state birth certificate; nor

was their provided any authority that a passport may be withheld until a state issue a certificate

that there is no birth certificate for the Plaintiff in their files.  The Tortfeasor acted deliberately,

in hostility to the Plaintiff and my natural and fundamental rights, with malice toward the law and the Plaintiff, knowing that no authority exists to warrant Tortfeasor's demand; knowing that the result of the Tortfeasor demanding something that does not exist, and that the Plaintiff can never produce without violating the exercise of my religion, would place the Plaintiff in a perpetual status of *writ ne exeat republica* without warrant of law and due process, in violation of the Constitution of the United States of America, causing injury to my natural, fundamental, and civil rights and privileges.  The tortfeasor acted as an *ad hoc* legislature in violation of the Constitution of the United States enumerated powers rather than an adjudicator whose duty is to limit their discretion to the application of the facts to the law, and then act on their ministerial duty to issue the passport.  The four affidavits by the witnesses to my live birth, two originals from my parents and two certified copies from their friends who were in the birth room, are glaringly sufficient for proof of the live birth and its location as is commonly understood by the ordinary reasonable person of average intelligence, let alone the Tortfeasor who knew that to be true and had a duty to know.  The Tortfeasor was not merely deliberately indifferent to the sufficiency of the documentation provided by me and my demands to produce the authority that allowed the Tortfeasor's demands, the Tortfeasor had to be acting with malice, knowing the consequences of the injury upon my rights of travel.

49.    The unlawful conduct of the Tortfeasor directly caused me to have to cancel travel to Viet Nam with my husband, friends and fellow ministers of the gospel in January, 2023.  The unlawful conduct of the Tortfeasor causes me to be in unlawful detention within the borders of the United States, forcing me to exclude managing and arranging travel that is ordinarily required of me and my husband as staff members of an international Christian mission organization.  Refusal of Tortfeasor to issue the Plaintiffs passport is a direct cause of the my

continued unlawful detention injuring my rights of religion, travel, liberty and due process in violation of the First, Fourth, Fifth, and Ninth Amendments to the United States Constitution. Tortfeasor(s) hiding behind the pseudonym "Customer Service Department" is/are culpable and liable in their private capacity since they had/have a duty to issue the passport applied for by the Plaintiff. Their exercising power under the color of their office, to exclude the Plaintiff from a passport, was an unlawful abuse of their delegated power, outside the boundaries of the Constitution's purpose and powers, an abuse of power without and contrary to authority of law.

50.    Director of Passport Adjudication Paul Peek is culpable and liable in his private capacity since he had a duty to compel the Tortfeasor or another delegate of Mr. Peek's to issue the passport when I put the matter to his attention in my letter of December 27, 2022. He is also culpable and liable in his private capacity for his ignoring the substance of the record for which I demanded from him an appeal in my April 4, 2023 correspondence. When he replied, under the pseudonym "Customer Service Department" he arbitrarily and capriciously excused the denial of an appeal by citing a regulation that clearly and glaringly did not apply to the record before him. His failure to direct the issuance of my passport, or to perform or allow my appeal, was without, or contrary to, authority and is a direct cause of my continued unlawful detention injuring my rights of religion, travel, liberty and due process in violation of the First, Fourth, Fifth, and Ninth Amendments to the United States Constitution, for which all tortfeasors are each liable. Mr. Peek and his tortefeasor-assistants owe me money for my injuries. Nominal damages are due as an alternative.

**Second Cause of Action**
**22 C.F.R. § 51.65(b) Is Unconstitutional**

51.    I fulfilled the lawful requirements of 22 C.F.R. § 51.65(b) whereby I met the "burden of proof under the applicable regulations" and did otherwise "provide documentation sufficient

to establish entitlement to a passport . . . " However, the *caveat* in that paragraph, "or does not provide additional information as requested by the Department . . .", is unconstitutional. It is vague and overly broad. It can have the effect of leading an adjudicator to arbitrarily and deceptively claim that something is required of the passport applicant solely on the grounds that it was "requested by the Department" notwithstanding that the request is not one that is required by law. The direct effect in this case was the unlawful detention of the Plaintiff within the borders of the United States, injuring my rights of religion, travel, liberty and due process in violation of the First, Fourth, Fifth, and Ninth Amendments to the United States Constitution. It is a perpetual danger to the people of the United States, is continuing to injure my fellow citizens, and I will not have appropriate or complete relief until the Defendants are permanently enjoined from applying the unlawful provision. That portion of the statute needs to be declared unconstitutional and the Defendants should be prohibited from applying it.

### Third Cause of Action
### Denial of Right or Privilege As National of the United States

52.    I, as the Plaintiff, was denied a right and privilege as a national of the United States which I claimed by means of my passport applications and documentation provided that is sufficient proof of my being a natural born citizen, and thereby also national, of the United States of America. United States Code 8 U.S.C. § 1503 provides remedy and relief, the denial of the right or privilege being less than five years ago. Secretary Blinken, Passport Adjudication Director Paul Peek, Torfeasor Paul Peek and Tortfeasors who identified themselves under the pseudonym "Customer Service Department" unlawfully, arbitrarily, capriciously, maliciously. contrary to law, regulation, policy and procedure denied and delayed my rights and privileges to a passport. The direct effect was, and is, my unlawful detention within the borders of the United States injuring my rights of religion, travel, liberty and due process in violation of the First,

Fourth, Fifth, and Ninth Amendments to the United States Constitution, and is a case and controversy subject to the provisions of Article III of that Constitution.

## RELIEF

53.    Pursuant to 28 U.S.C. §§1361, 2201 and 2202, 42 U.S.C. §2000bb declare the rights of the Plaintiff and provide appropriate relief based on a declaratory judgment or decree. Declare:

a.    The four affidavits supplied by the Plaintiff with her passport application are sufficient to prove plaintiff's having the rights of a natural born citizen as described as a matter of law in the Foreign Affairs Manual, 8 FAM 301.1, Acquisition by Birth in the United States.

b.    The right to travel, across the borders of the United States is a natural right of the Plaintiff.  As a United States citizen, that right is regulated by the laws of the United States.  It is unlawful for a United States citizen to leave or enter the United States without a passport. 8 U.S.C. § 1185(b) (Travel control of citizens and aliens, (b) Citizens).

c.    The Defendant, Secretary Blinken, in his official capacity has the power to issue United States passports pursuant to 22 U.S.C § 211a.

d.    The statute regarding "eligibility" for a passport only addresses who is not eligible for a United States passport, "No passport shall be granted or issued to or verified for any other persons than those owing allegiance, whether citizens or not, to the United States." 22 U.S.C. § 212.  By the documents that the Plaintiff provided with her passport application, the Plaintiff has sufficiently met the burden of proof necessary to show that she is not someone who is ineligible for a United States passport.  Therefore, it is evident that the Defendants have a duty to issue the passport for which the Plaintiff applied.

e.    The Defendants have no authority in law to compel the Plaintiff to violate her
conscience to do the thing that is not required by United States law. The Defendants have
no authority in law to compel the Plaintiff to apply for a state birth certificate. They have
no authority in law to compel the Plaintiff to apply to the state to certify that there is no
birth certificate. The Defendants have no authority in law to delay or deny a passport until
the Plaintiff first applies for something not required by United States or state law. Declare
the denial of the Plaintiff's passport unlawful, and ultra vires, under the circumstances, and
the denial is, or causes, a violation of the Plaintiffs' rights under the First, Fourth, Fifth,
and Ninth Amendments to the Constitution of the United States of America, and the
Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq.

### Compel

54.    **Immediately** - Pursuant to 28 U.S.C. §1361, or 5 U.S.C. §§ 701-706, or 42 U.S.C. §
2000 bb-1(c), or 28 U.S.C. § 2201 and § 2202, declare the fundamental, statutory, and regulated
rights and privileges of the Plaintiff, as they pertain to the facts of the complaint; **and
immediately** compel the Defendant to issue the passport applied for by Plaintiff that was
unlawfully denied and unreasonably delayed.

55.    Compel the Defendants to produce the complete record, which shall include written
hard-copy or electronic correspondence, both inter-agency and intra-agency, regarding the
consideration of the Plaintiff's passport application.

56.    Compel the disclosure of the name, title, office number of the passport adjudicators
who had direct involvement in the adjudication and denial of the Plaintiff's passport applications
and applications for appeal.

57.    Reveal the identity of the Tortfeasor(s) who acted under the color and pseudonym of

"Customer Service Department."

58.    Compel Secretary Blinken and his Department to chastise and properly train, Tortfeasors, including Paul Peek, to learn, understand, and apply the law regarding natural, fundament, and statutory rights of the People of the United States in their capacity as nationals or citizens as related to the duty of the government to protect the life, liberty and pursuit of happiness rights as it relates to the purpose and provisions of a United States passport.

59.    Compel the Tortfeasors to pay in lawful money as compensation to the Plaintiff, one full day of their wages (or overall pay divided to what would amount to a day's wages so-to-speak) for each day that they were faced with the duty to act on the passport applications of the Plaintiff, including but not limited to the days that they considered or responded to correspondence from the Plaintiff.  The amount for the adjudicator should be no less than $200 for each day as the average passport clerk makes $25.00 per hour and works an eight-hour day. The amount for Director Paul Peek or others discovered who partnered with him should be no less than $400 for each day as the top-most leadership in the passport agency makes more that double the average clerk.  As an alternative, if those amounts cannot be proven as appropriate damages relief, make each Tortfeasor pay one dollar ($1.00) in lawful money directly to the Plaintiff as damages and compensation relief.

**(Continued on next page for signature and oath verification)**

I hereby verify the foregoing complaint, notices, demands, etc., and the accompanying exhibits, swearing them to be true were they are known to me first hand, and given in good faith to be accurate and true, whereby and swear under the laws of Virginia and the United States, with Almighty God as my witness.

Abigail Carmichael Jordan

Commonwealth of Virginia )
City of Hampton              )

The foregoing instrument was sworn before me this __25__ day of June, 2024,

by Abigail Carmichael Jordan.

Notary signature _Kelley S Williams_

Registration Number __7530077__     Expires _Feb. 29, 2028_

Notary Name: _Kelley S. Williams_, Notary Public