**United States District Court,**
**District of Columbia**

Abigail Jordan                                        )
                                                      )
    *Plaintiff*                      )
                                                      )   Case: 1:24-cv-01844
    v.                               )   Assigned To : Unassigned
                                                      )   Assign. Date : 6/26/2024
Antony L. Blinken, *in his Official*                  )   Description: Pro Se General (F-Deck)
    *capacity as Secretary of State, et al.,*  )
                                                      )
    *Defendants*                     )

**Plaintiff's Immediate Emergency Injunction Motion to Compel the Issuance of Passport**

    1.    Pursuant to Article III of the Constitution of the United States of America, and the United States Code, §§ 1651 (Writs) and 1361 (Action to compel an officer of the United States to perform his duty), and in conformance to Local Rule 65(c) (Applications for Preliminary Injunctions), I, Abigail Carmichael Jordan, move the district court to **immediately compel** by mandamus or injunction, the Secretary of State Blinken, in his official capacity, to issue the regular passport, application number 349223669, that was unlawfully denied to me. It is appropriate relief for which I pled.

    2.    By the exhibits submitted with my passport applications and with my verified complaint (Exhibits 1 – 17), I show that I provided information and documentation sufficient for the burden of proof to show that I am now, and was then, eligible for a U.S. passport, 22 C.F.R. §§ 51.40 through 51.42 (Exhibit 4). Those exhibits are attached in support of this motion by the reference. The first paragraph of the Foreign Affairs Manual on the subject of U.S. Supreme Court case law has an explanation of the law as it applies to me. It says that the decision in *Murray v. The Charming Betsy* demonstrates the Court's early understanding that all persons born in the United States were U.S. citizens (Exhibit 18, 8 FAM 102.1, Sup. Ct. Decisions).

RECEIVED
JUN 26 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia
P. 1 of 5

"Jared Shattuck having been born within the United States, and not being proved to have expatriated himself according to any form prescribed by law, is said to remain a citizen, entitled to the benefit and subject to the disabilities imposed upon American citizens; and, therefore, to come expressly within the description of the act which comprehends American citizens residing elsewhere." *Murray v. The Charming Betsy*, 6 U.S. 64 (1804)

3. The denial of the passport under these facts and circumstances of my case amounts to an *ultra vires writ ne exeat republica*, detaining me within the boundary of the United States without authority of office or of law, in violation of the Constitution of the United States, which is the direct cause of daily injury to me in my natural, fundamental and civil rights.

4. Being a United States citizen, I am prohibited by law from traveling across the borders of the United States without a passport pursuant to 8 U.S.C. § 1185. It is an undue infringement of my fundamental rights <u>only</u> if the Defendant refuses his duty, under 22 U.S.C. § 211a, to issue the passport for which I applied, and for which I am eligible since I am clearly not limited by the ineligibility cited under 22 U.S.C. § 212.

5. This motion fulfills the requirements necessary to warrant the immediate injunction:

   a) <u>The movant shall be successful on the merits</u>. Evidence provided by me, on its face, is sufficient to demonstrate my eligibility for a United States passport as a citizen of the United States of America through acquisition by birth (Exhibit 1, Correspondence with Sept. 2022 Passport Application; Exhibit 2, FAM 301.1, Acquisition of U.S. Citizenship by Birth). I provided four affidavits to attest to my birth in the United States from witnesses who were present in the room. I provided suitable identification, a Virginia Driver's license (Exhibit 1, p. 14). My Virginia citizenship by birth was adjudicated by the Virginia Department of Motor Vehicles in order for me to be eligible for the driver's license. The excuse used by the Defendant to deny my passport is illegitimate, trying to require something of me that is not required by law, and ignoring the proffered evidence.

b) <u>The plaintiff is likely to suffer irreparable harm without the injunction</u>. My vocation with my husband is as a minister of the gospel, mandated to go into the world to share the good news of the forgiveness of sins and eternal life through Christ Jesus our Lord. That vocation and duty of religion is prevented from being freely exercised due to the unwarranted and unlawful denial of my passport, violating my natural and fundamental rights protected by the U.S. Constitution. I and my husband were prevented from traveling to Viet Nam in or about January, 2023, as we had prepared in every way to do but were prevented by the unlawful denial of my first passport application. We are continually, and unlawfully, chained until the passport is issued.

c) <u>The balance of equities and hardships is in the plaintiff's favor</u>. There is no imaginable prejudice against the Defendants to issue the passport for me. There is no evidence that can be proffered by myself or the government to even suggest that I am not eligible for a United States passport, or that I should be restricted in my travel. A ten-year passport issued immediately is the appropriate relief since the conditions for a temporary passport do not apply. Even if it were possible that I would not prevail on the merits, the passport can be immediately revoked by Secretary Blinken if there were actually some law and circumstance that would warrant it. Issuing the passport prevents further injury.

d) <u>Injunction is in the public interest</u>. The arbitrary, capricious and unlawful restraint upon me places a substantial burden on my natural rights and religious duties, whereby Mr. Blinken and his passport adjudicators are acting <u>contrary to the purpose</u> for which our American government was instituted according to the Declaration of Independence. The daily effect of the perpetual denial of a passport is the unlawful restraint upon me, within the borders of the United States, with the passport adjudicators,

Mr. Blinken, and his enforcers being the legislature, judiciary and executor imposing upon me a *writ ne exeat repulica*, without warrant or the necessary due process of law.

> "The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without due process of law under the Fifth Amendment. . . . Freedom of movement across frontiers in either direction, and inside frontiers as well, was a part of our heritage. Travel abroad, like travel within the country, . . . may be as close to the heart of the individual as the choice of what he eats, or wears, or reads. Freedom of movement is basic in our scheme of values." *Aptheker v. Secretary of State* at 505-506 citing *Kent v. Dulles*, 357 U.S. 116 at 125-126. . . . "The substantiality of the restrictions cannot be doubted. The Denial of a passport, given existing domestic and foreign laws, is a severe restriction upon, and in effect a prohibition against, world-wide foreign travel." *Aptheker* at 507

### Facts Supporting the Motion for Immediate Injunctive Relief

6. I was born at the city of Hampton, Virginia, on November 7, 1998, to my mother and father David and Leslie Carmichael, who are both natural born citizens of the United States (Exhibit 1)(*see definitions of national, citizen and United States as it applies to passports,* 22 C.F.R. 51.1, Exhibit 3). Both of my parents have United States Passports. I am married to a natural born American who is a national and citizen of the United States. There are affidavits from four people who witnessed my birth, with those affidavits provided to the passport adjudicator (Exhibit 1, pp. 4, 8, 9, 10). There is no evidence in existence that I am not eligible for a United States passport. The allegations and evidence supplied in my complaint indicate a likely win on the merits.

7. The Defendant conceded that the passport application can be re-opened, and the passport issued, without any new submission of application, fee, photograph or any other thing when it was unlawfully denied (*Carmichael, et al. v. Pompeo,* et al., U.S. Dist. Ct. case no. 1:19-cv-02316, ECF 136, Status Report) even several years after it was unlawfully denied. There is nothing that I need to do to have the passport issued. Any delay would be frivolous.

8. Therefore, in consideration of this motion, the complaint, and its exhibits, and the

District Court's duty to do justice without my being trained to cite or argue this motion as a lawyer would, the court should **immediately compel** the issuance of my passport by order of mandamus or injunction **without the delay of a hearing**. As an alternative, a hearing should be scheduled no later than 21 days after the filing of this motion pursuant to Local Rule 65(d).

9. The Defendants have been duly served notification of my complaint and this motion.

I hereby certify that my motion complies with the Rules of Civil Procedure to the best of my understanding, the statements of fact are true, and they relied upon in my verified complaint.

ss: _____      Date: 6-25-2024
    Abigail Carmichael Jordan