# UNITED STATES DISTRICT COURT

for the
District of Columbia

Abigail Carmichael Jordan        )
                              )

    *Plaintiff*                )

                              )    Case No: 1:24-cv-01844 - TNM

      v.                  )

                              )

Antony L. Blinken, *in his Official*     )
    *capacity as Secretary of State, et al.,*     )

                              )

**PLAINTIFF'S IMMEDIATE EMERGENCY RULE 60 MOTION
FOR RELIEF FROM MINUTE ORDER OF OCTOBER 19, 2024**



RECEIVED
Mail Room

DEC - 2 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

*Jordan v. Blinken, et al.*
United States District Court
1:24-cv-01844

TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities............................................................................................................. ii

PLAINTIFF'S IMMEDIATE EMERGENCY RULE 60 MOTION..........................1
FOR RELIEF FROM MINUTE ORDER OF OCTOBER 19, 2024

    I. Defendants' motion for enlargement of time is a Rule 60(b)..........................2
       motion, relief from judgment or order, whose merits do not meet
       the Rule's demands

    II. Defendants' motion's alleged facts contradict the docket and.........................2
       wrongly influenced the Court to issue the October 19, 2024, order

    III. Defendants' motion was untimely, not meeting the deadline .........................5
       required of the Defendants in their official capacity

    IV. Defendants' opposition to the four prongs of my Rule 65 motion..................6
       is inadequate

       A. Mr. Duffey failed to challenge the merits as required to ...........................7
          warrant his motion

       B. Opposition to the second prong exposes callous disregard.........................7
          for fundamental rights

       C. Opposition to the third prong claims no hardship for Defendants ............8
          only for Mr. Duffy

       D. Opposition to the fourth prong, public interest, is out of balance ............9

    V. The Court's misadministration affected further injustice and injury.............9

Summary ............................................................................................................ 10

Attachment 1 -  Declaration of Jesse Carmichael

Attachment 2 – [PROPOSED ORDER]

**1:24-cv-01844c**

## TABLE OF AUTHORITIES

**United States Constitution**

First Amendment.................................................................................8
    *Freedom of Religion, Speech, Press, Assembly and Petition*

Fifth Amendment ...............................................................................8
    *Due Process*

**United States Supreme Court**

\* *Elrod v. Burns*..................................................................................8
    427 U.S. 347 (1976)

\* *Kent v. Dulles* ..................................................................................8
    357 U.S. 116 (1958)

**United States Court of Appeals**

*E.E.O.C. v. Mike Smith Pontiac GMC, Inc.* ......................................................6
    896 F.2d 524 (11th Cir. Fla., 1990)

*Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute* ......2
    500 F.2d 808 (D.C. Cir., 1974)

*Virginia Petroleum Jobbers Association v. Federal Power Commission*........7
    259 F.2d 921 (D.C. Cir., 1958)

*Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.* ..7
    559 F.2d 841 (D.C. Cir., 1977)

**United States District Court**

*Cox v. Brown* ....................................................................................7
    498 F. Supp. 832 (D.D.C., 1980)

*Jordan v. Blinken, et al.*................................................................ 1, 2, 3, *passim*
        1:24-cv-01844, Minute Order, Nov. 19, 2024

**Federal Rules Decisions**

*Allegheny Intern. Credit Corp. v. Virginia Chain Distributors, Inc.*................9
        97 F.R.D. 17 (W.D. Pa., 1982)

*Mason Tenders Dist. Council Welfare Fund v.* ................................................6
*M & M Contracting & Consulting*
        193 F.R.D. 112 (S.D. N.Y., 2000)

*Nash v. Signore*................................................................................2
        90 F.R.D. 933 (E.D. Pa., 1981)

*Residential Reroofing Union Local 30-B of United Slate Tile*..........................6
*and Composition Roofers, Damp and Waterproof Workers'*
*Ass'n AFL-CIO v. Mezicco*
        55 F.R.D. 516 (E.D. Pa., 1972)

*Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.* .......6
        126 F.R.D. 48 (N.D. Ill., 1989)

*U.S. v. Manos*................................................................................3
        56 F.R.D 655 (S.D. Ohio, 1972)

**Bankruptcy Reporter**

*In re Shephers Hill Development Co., LLC* ................................................2
        316 B.R. 406 (1st Cir. N.H. BAP, 2004)

**Federal Rules of Civil Procedure**

Rule 5................................................................................3
        *Serving and Filing Pleadings and Other Papers*

Rule 60................................................................................ 1, 2
        *Relief From a Judgment or Order*

Rule 65......................................................................................................... 2, 6
    *Injunctions and Restraining Orders*

Local Rule 65.1(a)............................................................................................4
    *Temporary Restraining Orders and Preliminary Injunctions*

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| Abigail Carmichael Jordan | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | Case No: 1:24-cv-01844 - TNM |
| v. | ) | |
| | ) | |
| Antony L. Blinken, *in his Official* | ) | |
| *capacity as Secretary of State, et al.,* | ) | |
| | ) | |

**PLAINTIFF'S IMMEDIATE EMERGENCY RULE 60 MOTION
FOR RELIEF FROM MINUTE ORDER OF OCTOBER 19, 2024**

1.   It was wrong for the court to grant the motion, on November 19th, to allow the

Defendants an extension of time to file their opposition, if any, as ordered by the court on

October 16, 2024.  I. Defendants' motion for enlargement of time is a Rule 60(b) motion, relief

from judgment or order, whose merits do not meet the Rule's demands.  II. Defendants' motion's

alleged facts contradict the docket, and wrongly influenced the Court to issue the October 19,

2024 order.  III. Defendants' motion was untimely, not meeting the deadline required of the

Defendants in their official capacity.  IV. Defendants' opposition to the four prongs of my Rule

65 motion is inadequate  -  A. Mr. Duffey failed to challenge the merits as required to warrant his

motion;  B. Opposition to the second prong exposes callous disregard for fundamental rights;  C.

Opposition to the third prong claims no hardship for Defendants, only for their attorney;  D.

Opposition to the fourth prong, public interest, is out of balance.  V. The Court's

misadministration affected further injustice and injury.

2.   Immediate relief from the October 19, 2024, order is warranted pursuant to Federal

Rules of Civil Procedure, Rule 60(b)(3) & (6).

1

This rule vests power in courts adequate to enable them to vacate judgments
whenever such action is appropriate to accomplish justice. *Expeditions Unlimited
Aquatic Enterprises, Inc. v. Smithsonian Institute,* 500 F.2D 808 (D.C. Cir., 1974)

    3.    Immediate relief from the unconstitutional denial of my passport is warranted

because the Defendants failed to meet the equitable demands of Rule 65.

## I.  Defendants' motion for enlargement of time is a Rule 60(b) motion, relief from judgment or order, whose merits do not meet the Rule's demands.

    4.    The consequence of the Defendants' failing to respond in opposition to my motion to

compel in seven days, pursuant to the Court's October 19th order, should have been an order to

issue my passport.  The Defendants have had the motion for months, and are alerted to the order

by the ECF system.  They failed to oppose the four prongs of my Rule 65 injunction motion.

> For purposes of determining whether counsel's neglect was excusable in order to
> vacate default judgment, counsel should have been particularly cautious in meeting
> deadlines where he was dealing with pro se litigant who justifiably presumed that
> these rules mean what they say and who made clear to counsel his intention to hold
> defendant strictly to these rules the first time he moved for default. *Nash v. Signore,*
> 90 F.R.D. 933 (E.D. Pa. 1981)

## II.  Defendants' motion's alleged facts contradict the docket and wrongly influenced the Court to issue the October 19, 2024, order.

    5.    Defendants' statement, ". . . the U.S. Attorney's Office has never been served with a

copy of this motion, and only learned about it yesterday" is demonstrably false.  The docket

reflects that the "written motion" was served upon the Defendants, June 26, June 27, Jul. 1st

which included their Attorney, Attorney General Merick Garland (ECFs 3 through 5).

> Opponent could not obtain relief from default judgment on basis of excusable neglect,
> on claim that he did not learn of hearing on default judgment until morning of hearing
> . . . , since reasonable efforts were made to provide opponent with adequate notice of
> hearing, and opponent could not use motion to obtain relief from final judgment as
> substitute for timely appeal. *In re Shephers Hill Development Co., LLC,* 316 B.R.
> 406 (1st Cir. N.H. BAP, 2004)

    6.    Attorney General Garland was served the emergency motion to compel, as well as

the complaint, and all the documents filed with it, on June 26, 2024, through the ECF system,

Rule 5(b)(2)(E). He was served with those same documents on June 27, 2024 when they were

mailed on June 27, 2024, Rule 5(b)(2)(c). Mr. Duffey's employer received the hardcopy of all

the case documents when they were delivered by the postal service on July 1, 2024 (ECFs 4

through 5). Mr. Blinken and Mr. Peek received those documents on July, 1st and 3rd respectively,

at their place of business through the Office of the Legal Advisor, *Ibid.* The interested person in

their official capacity was served that motion (Rule 5(a)(1)(D)) through their Attorney, General

Garland, fulfilling Rule 5(b)(1) by mail Rule 5(B)(2)(C) and via the ECF system, (Rule

5(b)(2)(D-E). Attorney General Garland was given notice of his client's duty to meet a deadline

to file opposition to my immediate emergency motion by way of the court's October 16th order

issued to, and received by, the Attorney General through the Electronic Case Filing system

("ECF") according to Rule 5(b).

> Even if defendant's original attorney was negligent in not advising her to move or
> plead within extended time period, this negligence was attributable to defendant for
> purposes of this rule authorizing relief from judgment. *U.S. v. Manos,* 56 F.R.D. 655
> (S.D. Ohio, 1972)

   7.    The summons was not signed by the Clerk until October 21, 2024, 117 days after I

filed the complaint (ECF 8). The delay of the hardcopy summons delivery did not keep the

Defendants from having full notice of the motion to compel. It merely kept them from filing the

response that they had plenty of time to draft. Never-the-less, the October 16, 2024, order of the

court required the Defendants in their official capacity to produce any opposition within seven

days of the service of summons. Merrick Garland, Attorney for all Defendants in their official

capacity, was served the summons November 1, 2024 (ECF 11).

   8.    The Court determined that all the Defendants had been fully served when the

Attorney General was served (Minute Order, November 1, 2024, denying motion for special

server). The deadline for the United States, and those who are the ministers of its powers related

to this case, had a deadline of November 8, 2024, if they wanted to oppose my motion for the

Court to compel the issuance of my passport. They neglected to file a timely opposition to my immediate emergency motion to compel the issuance of my passport.

9. Mr. Duffey made a disparaging and false bad-faith accusation against me. He said, "Emergency motions require a plaintiff to make good faith efforts to ensure that the opposing party is aware of such motion, but here Defendants have no record of receiving such notice." I exercised due diligence to provided notice to the adverse parties according to the Local Rule LCvR 65.1(a), and provided evidence that was satisfactory to the Court (ECF 4). It is the duty of Attorney General Garland and Secretary Blinken's Executive Office, Office of the Legal Advisor to manage the assignment of litigator and provide him with my motion served upon them. They knew of the October 16th order by the ECF.

10. Mr. Duffey misrepresented the timing of the filing of the complaint, only citing as a most recent date one of the denial letters in November 9, 2022. He excluded the more recent correspondence between the Defendants and myself in my attempts to exhaust administrative remedies. Paragraphs 27 through 36 of the complaint cite the correspondence that I had with the Defendants until their denial of my appeal on July, 3, 2023 (ECF 1, p. 13, ¶36; ECF 1-2, pp. 79-80). Exclusion of that information was used as a false allusion that I've not exercised due diligence. It is extrinsic fraud. It was wrongly used to influence the Court to waive the Defendants' deadlines of November 4th, or November 8th if extended by the Attorney General Summons.

11. Mr. Duffey's statement that "the service package received by the U.S. Attorney's Office only included a copy of the complaint and not a copy of the Injunction Motion" is deceiving and irrelevant. The United States Marshall may have only delivered the complaint with the summons, which is the only thing that the rules require, but Mr. Duffey and those who join his motion by their delegation of authority, U.S. Attorney Matthew M. Graves, Civ. Div.

Chief Brian P. Hudak, and Attorney General Garland, knew and had a duty to know that the

complaint and all the other documents related to the case were served upon his Department, June

26th through July 1st, 2024. They knew and had a duty to know the Court's order of October 16,

2024, which gave them seven days added to the delay of the U.S. Marshall serving the summons

document. Maladministration on the part of the adverse party and their lawyer not passing the

information down the lawyer-chain-of-command, cannot be good-cause for the enabling the

perpetuation of my daily injuries.

### III. Defendants' motion was untimely, not meeting the deadline required of the Defendants in their official capacity.

12. Mr. Duffey's office was served the summons on October 28, 2024 (ECF 10), by the

Clerk's action due to having familiarity with who the Attorney General would delegate litigation

tasks. Mr. Duffey's office was alerted to the case file on that day, even if both the Attorney

General's and Secretary of State's offices kept as a secret the documents that they had been

served months earlier. Rather than a good cause, the U.S. Attorney's office's assigning the task

to Mr. Duffey the day before the best-case scenario deadline is gross negligence.

13. Delegating the litigation to the man who was scheduled for annual leave two days

after his assignment, and endorsing his motion to enlarge time under the circumstances is on its

face maladministration rather than misadministration. It does not cure the neglect of the

Defendants, in their official capacity, to oppose my demand for the immediate issuing of my

passport by the deadline of November 8, 2024. The Clerk of court attributed that "ALL

FEDERAL DEFENDANTS" were served the summons on October 28, 2024 when the United

States Attorney, Mr. Duffey's office, was served the summons and complaint (ECF 10). The

Judge of the Court denied my motion to serve the parties in their individual capacities based

upon the Court saying that the United States Attorney, Mr. Duffey's office, was served (Minute

Order, Nov. 1, 2024). On that basis, the deadline for opposition for all parties was November 4,

5

2024. Absolutely, the Defendants in their official capacity had service of all documents in

hardcopy form no later than November, 1, 2024 through their Attorney, Attorney General

Garland (ECF 11; *see* ¶s 2-8 above).

> Defendant's failure to timely recognize that its attorney had failed to file answer to
> complaint was not "excusable neglect," as required to support defendant's motion to
> vacate default judgment, especially where defendant had at least on year to inquire of
> attorney as to status of case. *Mason Tenders Dist. Council Welfare Fund v. M & M
> Contracting & Consulting,* 193 F.R.D. 112 (S.D. N.Y. 2000).

> The defendant, who ignored all notices and refused to accept certified mail from
> plaintiff's attorney after receiving notices concerning nature of claim against
> defendant, assertedly was unaware of necessity to obtain counsel did not constitute
> "excusable neglect" or "any other reason"? warranting vacating of default judgment.
> *Residential Reroofing Union Local 30-B of United Slate, Tile and Composition
> Roofers, Damp and Waterproof Workers' Ass'n AFL-CIO v. Mezicco,* 55 F.R.D. 516
> (E.D. Pa., 1972)

> Employers did not show "excusable neglect" sufficient to justify relief from default
> judgment granted to union pension fund trustees in action to collect delinquent
> employer contributions; despite knowledge of delinquency owing to plans, employers
> refused to accept service by certified mail, ignored personal service, ignored
> unambiguous notice of status hearing set by court, claimed that they never received
> notice of motion for default judgment mailed to address which they supplied and at
> which they previously received mail, failed to appear at citation to  discover assets,
> and received letter which unambiguously informed them of existing pending lawsuit.
> *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.,* 126 F.R.D.
> 48 (N.D. Ill., 1989)

## IV. Defendants' opposition to the four prongs of my Rule 65 motion is inadequate.

14. Defendants' motion appears to check-the-box of filing an opposition to my motion to

immediately compel. It is couched in an after-hour request for a waiver of the deadline. Mr.

Duffey supplied inadequate opposition to three of the four prongs that justify my demand for the

immediate issuance of my passport (ECF 3, pp. 2-3). He failed to oppose the first prong, that I

am likely to prevail on the merits (ECF 3, p. 2, ¶ 5. a)).

> To set aside default on basis of excusable neglect, defaulting party must first show
> that it had meritorious defense that might have affected outcome and that granting
> motion would not result in prejudice to opposing party, and then must show that good
> reason existed for failure to reply to complaint. *E.E.O.C. v. Mike Smith Pontiac
> GMC, Inc.,* 896 F.2d 524 (11th Cir., Fla. 1990)

### A.  Mr. Duffey failed to challenge the merits as required to warrant his motion.

15.  A motion to be excused from the default deadline logically should have the

requirement to state that Defendant will ultimately win on the merits.  Opposition was waived.

> For the Court to grant the extraordinary injunctive relief requested, the plaintiffs must
> clearly demonstrate (1) that there is a substantial likelihood that they will succeed on
> the merits of the case, (2) that irreparable harm would occur to the plaintiffs absent
> such an injunction, (3) that an injunction would not substantially harm the rights of
> the third party, and (4) that an injunction is in the public interest. *Virginia Petroleum
> Jobbers Association v. Federal Power Commission*, 104 U.S.App.D.C. 106, 111, 259
> F.2d 921, 925 (1958). The plaintiffs need not show a mathematical probability that
> they will succeed on the merits. Rather, the Court must weigh the irreparability of
> harm and, if it is substantial, the Court may, in its discretion, grant relief even though
> its view of the merits may markedly differ from that of the plaintiffs. *Washington
> Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 182 U.S.App. D.C.
> 220, 222-23, 559 F.2d 841, 843-44 (1977)  *Cox v. Brown*, 498 F.Supp 832, 828
> (D.D.C. 1980)

16.  The order on October 19, 2024, should have been to immediately issue my passport.

My complaint (ECF 1), the exhibits in support (ECF 1-2) and the laws, regulations and written

policies of the Defendants on their face show that relief from the October 19th minute order, and

the issuance of my passport is warranted.  The Defendants have offered nothing in their

correspondence (ECF 1-2) or their October 19th motion to merit a grant of their relief from the

October 16th order.

### B.  Opposition to the second prong exposes callous disregard for fundamental rights.

17.  Defendants' opposition fails to overcome the second prong of my motion, "The

plaintiff is likely to suffer irreparable harm" (ECF 3, p.3, ¶ 5. b)).  He belittled the urgency of my

need for a passport saying falsely, "Plaintiff identifies no immediate international travel plans

that would require the use of the requested passport" (ECF 14, p. 3, 2nd para.).  The daily injury

from my being chained from making travel plans is irreparable without injunction.  Contrasting

Mr. Duffey's false assertion, I explained that I am in a state where every day I have to plan to not

travel.  "We are continually, and unlawfully, chained until the passport is issued" (ECF 3, p. 3, ¶

5.b.). I explained that my husband and I need to travel overseas, *Ibid.* The Declaration of Jesse Carmichael (Attachment 1) confirms my motion's assertion of the harm that the unconstitutional denial of my passport has upon me, my husband, and those with whom and to whom I minister. The unlawful injury upon me is the proximate cause of injuries upon others. It is a continuation of the first unlawful denial of my passport that prevented me from traveling with our ministry team in January 2021, (ECF 3, *Id.*). Our not being able to travel together is having a significant effect on the management of our ministry organization's staff's travel plans and fund raising. Mr. Duffey's argument is a callous disregard of my being under an unlawful *writ ne exeat republica,* an unreasonable seizure and restriction of my travel rights without due process. That irreparable daily injury is only relieved by the immediate issuance of my passport.

> The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. See *New York Times Co.v. United States*, 403 U. S. 713 (1971). *Elrod v. Burns*, 427 U.S. 347, 373 (1976)

> The right to travel is a part of the "liberty" of which the citizen cannot be deprived without due process of law under the Fifth Amendment. *Kent v. Dulles*, 357 U.S. 116, 125 (1958)

## C.  Opposition to the third prong claims no hardship for Defendants, only for their attorney.

18.  Mr. Duffey attacked the third prong of my motion, "The balance of equities and hardships is in the Plaintiff's favor" (ECF 3, p. 3, ¶ 5. C)). There is no hardship to the Defendant by the immediate issuance of my passport. Mr. Duffey only explained that there would be a hardship of interference with his vacation that was to begin the day after the deadline was missed. Mr. Duffey mentioned his being inconvenienced by his receiving the assignment just as the deadline was due. His chain of command, who were notified of the motion June 26th by ECF, served by mail June 27th, and had motion-in-hand on July 1st, inconvenienced Mr. Duffey. The motion to immediately issue the passport is to be evaluated upon my hardship as balanced against the Defendants' hardship, not against Mr. Duffey's. It is an inexcusable wrong for my

8

liberty rights to be injured for the Defendant United States' Attorney General's malfeasance in giving Mr. Duffey a last-minute assignment which they have known about for months.

> Failure of president of corporation to contact attorney upon being served with complaint, assertedly because he assumed his attorney would also be served and would file an answer, did not show excusable neglect entitling corporation to relief from default judgment. *Allegheny Intern. Credit Corp. v. Virginia Chain Distributors, Inc.*, 97 F.R.D. 17 (W.D. Pa. 1982)

**D.   Opposition to the fourth prong, public interest, is out of balance.**

19.   Mr. Duffey attacked the fourth prong of my motion, "Injunction is in the public interest." (ECF 3, p. 3, ¶ 5. d)).   When he mentioned that he would be traveling to California to visit his son who has recently returned from deployment.   Mr. Duffey alluded to the public interest we all share in honoring those who serve in a military capacity, who have sworn to uphold and defend the Constitution.   That interest does not outweigh the public interest in ensuring that those who serve in an ecclesiastical capacity are not unconstitutionally excluded from travel documents for cross-border travel that is necessary to fulfill the Great Commission.

**V.   The Court's misadministration affected further injustice and injury.**

20.   The complaint, exhibits in support, motion to compel, and other documents were filed along with a petition to file in *forma pauperis* on June 26, 2024 (ECFs 1-3).   After three months of my petition being ignored by the court, I prompted the Court with a motion to expedite the processing of my petition (ECF 6).   My motion identified a problem with the Rule and suggested a solution (ECF 6, p. 2, ¶s 4. & 6.)   My package arrived at the Clerk's desk at 2:57 p.m. on October 4th, and the approval order was published on ECF at 3:31 p.m. The 120-day delay obstructed my efforts for timely relief as well as hindered judicial economy and justice.

21.   There was an inexplicable delay in the summons service by the U.S. Marshalls.   It took one week to deliver it to the Civil Division U.S. Attorney's office.   Four more days to the Attorney General and ten more days to the Legal Advisor of the State Department, 21 days after

the summons were issued.  My motion to assign a special service agent was denied, the Court

saying in so many words that everyone was served upon the service of the United States

Attorney's office on October 28, 2024.  The layers of administrative judicial obstacles

undermines my ability to fairly use the system of justice to reach justice.

**Summary**

22.  The Defendant has more than enough notice according to the docket record.  Their

failing to properly delegate the litigation assignment and deliver the motion document to Mr.

Duffy cannot relieve the Defendants of the duty to meet the deadline of seven days after the

summons was served upon the Attorney General - or in the opine of the Court, upon the U.S.

Attorney, Civil Division's office where Mr. Duffey works.  My verified complaint allegations

and the cited exhibits show that I ought to win on the merits.  Interference with my fundamental

right to travel, and to plan for travel, is clearly an injury that requires immediate relief.  There is

no hint of a meritorious defense against my demand for a passport.  Mr. Duffey got a vacation

while I diligently attempt to correct the injustice in a timely way.  I pray that the Court will see

that the balance of rights and wrongs warrants relief from the Court's October 19, 2024, order,

and that it demands immediate equitable relief by the order upon Defendant Blinken to issue my

passport.

Respectfully,

11-28-2024

Abigail Carmichael Jordan
c/o 1748 Old Buckroe Road
Hampton, Virginia  23664
(757) 320-2220 (Ministry Point of Contact)
abbyjordan@proton.me

10