**Jordan v. Blinken, et al.**
**1:24-cv-01844**

**PLAINTIFF'S IMMEDIATE EMERGENCY RULE 60 MOTION
FOR RELIEF FROM MINUTE ORDER OF OCTOBER 19, 2024**

**ATTACHMENT 1**

**DECLARATION BY JESSE CARMICHAEL**

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Abigail Carmichael Jordan )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>Antony L. Blinken, *in his Official* )<br>*capacity as Secretary of State, et al.*, )<br>) | Case No: 1:24-cv-01844 - TNM |

## DECLARATION BY JESSE CARMICHAEL

I am Jesse Carmichael, upon the invitation of the Plaintiff, I hereby declare in the above styled case:

I am the Campus Leader for Youth with a Mission, Commonwealth Ministries' Virginia's Richmond Location as well as the acting Director of Missions Training Schools. Youth with a Mission is a Christian Missions training organization that equips young people to serve in missions around the world.

I oversee the ministry of Nick and Abigail (Abby) Jordan as they serve with our first level Training School, known as Discipleship Training School. Abby and Nick serve together as team leaders, leading a cohort of young adults through their training and outreach phase. They are nearing the end of the training phase and the outreach phase is rapidly approaching, beginning December 28th. Abby's not having a passport has negatively impacted our ministry by making it nearly impossible to plan our international outreaches because we don't know if she will have her passport or not. This creates uncertainty and causes us to place limitations on the entire cohort of students if she cannot leave the country. We prioritize international outreaches for the Discipleship Training School. If she doesn't have a passport we either have to separate her from

1

her team, or find some way to have a cross cultural outreach within the confines of the united states, diminishing the outreach experience and cross cultural training for the entire team of aspiring missionaries.

Currently, we've had to compromise on our outreach plans in the hopes that the state department will issue her a passport soon. The team will begin an outreach in the United States in December, but in February they will fly to the Dominican Republic. We are hoping her passport arrives soon to allow sufficient time to get tickets, fundraise, etc, before flying to the D.R. Every day that she does not have a passport prevents us and her from doing the planning and fund raising work that is needed to enable the missionary outreach.

Waiting for a U.S. Attorney to return from vacation before her passport can be issued is detrimental to me, our reputation and ministry as a missionary organization, the students we train, and to those in the nations who would be impacted by our missionary outreaches.

Regarding Abigail's citizenship: I was not in the room when Abby was born, in Hampton, Virginia, but I was there when they brought her home from the Hospital. I am her brother and am witness to the fact that she is a natural born citizen of the United States of America. I also know that our father took pains to not have Abby registered at birth due to his religious convictions.

The foregoing testament is based upon my personal knowledge and is true, under the penalty of perjury under the law of the United States,

*Jesse Carmichael* (signature)
Jesse Gray Carmichael
1200 Goodin Street
Richmond, Virginia  23231

2

**Jordan v. Blinken, et al.**
**1:24-cv-01844**

**PLAINTIFF'S IMMEDIATE EMERGENCY RULE 60 MOTION**
**FOR RELIEF FROM MINUTE ORDER OF OCTOBER 19, 2024**

**ATTACHMENT 2**

**[PROPOSED] ORDER**

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Abigail Carmichael Jordan )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>Antony L. Blinken, *in his Official* )<br>*capacity as Secretary of State, et al.,* )<br>) | Case No: 1:24-cv-01844 - TNM |

## [PROPOSED] ORDER

Upon Plaintiff's immediate emergency order to compel the Defendant to issue the Plaintiff's passport, the Court finds:

The allegations of the Plaintiff's verified complaint, presumed as true, show that she applied for a passport twice, providing four affidavits from people who witnessed her birth, in Hampton, Virginia, U.S.A. The affidavits are sufficient for the reasonable person of average intelligence to deduce that the Plaintiff Abigail Carmichael Jordan is a natural born citizen of the United States of America. There is no evidence to suggest that she has abandoned that citizenship. She is in all respects eligible for a United States passport. The fact that she does not have a state birth certificate is irrelevant. Her father deliberately evaded Abigail's being registered at birth for his religious reasons.

The passport agency made no contest to the validity of the four witness affidavits that Abigail supplied to the agency. They contested her not getting documentation from her birth state that declares that no birth certificate was issued. Abigail alleged that when she tried to get a report from the state Department of Health and vital statistics, they required her to apply for a birth certificate in order to get a report saying there was no birth certificate on file. Abigail does not want to apply for a birth certificate and there is no requirement in law for her to do so.

Abigail attempted twice to get a passport. She had correspondence with the agency up to July 3, 2023, when she received an unsigned letter from the agency saying that her appeal of the agency decision was denied because she failed to prove her status as an United States National.

The first denial of Abigail's passport caused her to not be able to travel to Viet Nam with a Christian ministry team in the Winter of 2023. Abigail and her husband serve fulltime as ministers of the gospel for the Christian ministry Youth With A Mission (YWAM) in Virginia. Because of the law restricting U.S. Citizens from crossing the United States borders without a valid passport, Abigail is in a status of *writ ne exeat republica* without the due process necessary for such a writ to be filed. The passport agency Defendants have shown that Abigail will forever be denied a passport no matter how many times she applies.

1

Abigail is currently involved with her husband in leading a group of students in a YWAM Discipleship Training School. The declaration provided by a leader of their YWAM ministry provided a declaration saying, "Abby's not having a passport has negatively impacted our ministry by making it nearly impossible to plan our international outreaches because we don't know if she will have her passport or not. This creates uncertainty and causes us to place limitations on the entire cohort of students if she cannot leave the country. We prioritize international outreaches for the Discipleship Training School. If she doesn't have a passport we either have to separate her from her team, or find some way to have a cross cultural outreach within the confines of the united state, diminishing the outreach experience and cross cultural training for the entire team of aspiring missionaries." (sic)

The agency's unwillingness to accept four affidavits from eye-witnesses of Abigail's birth is unreasonable, arbitrary and capricious. Having the need for travel looming as a matter of her vocation, Abigail reasonably filed an immediate emergency motion to compel the issuance of her passport. Plaintiff's case was assigned a file number when her complaint and motion was served upon the Court on June 26, 2024. Somehow her petition to file in *forma pauperis* was neglected to be processed until over three months later on October 4, 2024. Upon Judge Trevor N. McFadden being assigned the case, he immediately acted on the Plaintiff's emergency preliminary injunction motion. He ordered the Clerk to issue summons to the defendants and assign the United States Marshalls to serve the summons. The Court ordered the defendants to file any opposition by seven days after the summons were delivered.

The summons was not signed by the Clerk until October 21, 2024, 117 days after the Plaintiff filed the complaint (ECF 8). The delay of the hardcopy summons delivery did not keep the Defendants from having full notice of the motion to compel. It merely kept them from filing the response that they had plenty of time to draft. Never-the-less, the October 16, 2024, order of the court required the Defendants in their official capacity to produce any opposition within seven days of the service of summons. Merrick Garland, Attorney for all Defendants in their official capacity, was served the summons November 1, 2024 (ECF 11). The deadline for the United States, and those who are the ministers of its powers related to this case, had a deadline of November 8, 2024, if they wanted to oppose the Plaintiff's motion for a preliminary injunction that would change the status quo and compel the issuance of the Plaintiff's passport. Rather than oppose the Plaintiff's injunction motion, the Defendants filed a motion to enlarge the time that opposition would be due. The Court granted the Defendant's *ex parte* motion, on the basis of the justifications provided by the United States Attorney in his motion.

The Plaintiff's filed a timely opposition to the Defendants' motion to enlarge time to oppose the Plaintiff's motion to compel. The Plaintiff filed an immediate emergency Rule 60 motion for relief from the November 19th minute order. The Plaintiff challenged the U.S. Attorney's allegation that the U.S. Attorney did not get the motion until the day he made the motion to enlarge time, the day before he was to begin his annual leave. Whether that U.S. Attorney received the motion is irrelevant. The Defendants were technically served the motion on June 26, 2024, through the Clerks filing the motion in the ECF system, case Docket number 1-2. Hardcopy service was made by the Plaintiff sending the document by certified mail on June 27, 2024. The Hardcopy was in the Defendants' hands on July 1, 2024. The Plaintiff had a duty to serve the Defendants, and the Defendants served through the Attorney General had a duty to pass the document on to whomever they assigned litigation duties. Assigning it to U.S. Attorney

2

Duffey the day before he began his previously scheduled leave, and at the last conceivable date to owe a response, demonstrates bad faith by the Defendant.

The U.S. Attorney misrepresented facts to the Court in the Defendants' motion to enlarge time. The misrepresentations influenced the Court to erroneously grant the motion.

The Court is persuaded by the Plaintiff's Rule 60(b) motion to grant relief to the Plaintiff. The Defendants' motion for enlargement of time is effectively a Rule 60(b) motion, requesting relief from the Court's minute order of October 19, 2024. Defendants' motion's alleged facts contradict the docket, and wrongly influenced the Court to issue the October 19, 2024 order. Defendants' motion was untimely, not meeting the deadline required of the Defendants in their official capacity. Defendants' opposition to the four prongs of the Plaintiff's Rule 65 preliminary injunction motion is inadequate. The Defendants failed to challenge the merits as required to warrant their motion. They misrepresented the prejudice their motion had upon the fundamental rights of the Plaintiff. They misrepresented the balance of equities, citing harm to the litigation attorney excluding any notion of harm to the Defendants. The public interest mentioned by the U.S. Attorney was self serving.

The Plaintiff has clearly run the gauntlet of misadministration by the Defendants and the Court. Immediate relief from the October 19, 2024, order is warranted pursuant to Federal Rules of Civil Procedure, Rule 60(b)(3) & (6).

> This rule vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute,* 500 f.2D 808 (D.C. Cir., 1974)

The irreparable injury to the Plaintiff is constructively a *writ ne exeat republica* without due process. The injury is exacerbated in that the her ministry organization is suffering injury by the perpetual denial of the Plaintiff's passport.

> The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. See *New York Times Co. v. United States*, 403 U. S. 713 (1971). *Elrod v. Burns*, 427 U.S. 347, 373 (1976)

> The right to travel is a part of the "liberty" of which the citizen cannot be deprived without due process of law under the Fifth Amendment. *Kent v. Dulles*, 357 U.S. 116, 125 (1958)

Therefore, the Defendant Antony L. Blinken in his official capacity is ordered to expedite the issuance of the regular passport for Abigail Carmichael Jordan as it relates to the passport processing file 349223669. The passport should be delivered to the Plaintiff within seven days of this order, delivering it to her at her service of process address, 1748 Old Buckroe Road, Hampton, Virginia 23664

The Defendants shall file a status report no later than December 10, 2024.
It is so ordered

3

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Abigail Carmichael Jordan<br><br>*Plaintiff*<br><br>v.<br><br>Antony L. Blinken, *in his Official*<br>*capacity as Secretary of State, et al.*, | )<br>)<br>)<br>)  Case No: 1:24-cv-01844 - TNM<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, David Alan Carmichael, a competent adult and not a party to the case, swear that I served Abigail Carmichael Jordan's PLAINTIFF'S IMMEDIATE EMERGENCY RULE 60 MOTION FOR RELIEF FROM MINUTE ORDER OF NOVEMBER 19, 2024. I served it with its two attachments. I served it to the court by certified mail and provided copies to the government parties by mail or by hand at:

Angela D. Caesar
Clerk of Court, United States District Court
333 Constitution Avenue, N.W.
Washington, D.C. 20001
(United States Certified Mail # 7020 3160 0001 9183 8906)

Thomas W. Duffy
Assistant United States Attorney
601 D. Street, NW
Washington, D.C. 20530
(United States Certified Mail # 7020 3160 0001 9183 8890)

Abigail Carmichael Jordan
c/o 1748 Old Buckroe Road
Hampton, Virginia 23664 (By hand)

Under the penalty of perjury under the laws of the United States

*David Alan Carmichael* [signature]   November 29, 2024
David Alan Carmichael                   Date
1748 Old Buckroe Road
Hampton, Virginia 23664