IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Abigail Carmichael Jordan,<br><br>        Plaintiff,<br><br>v.<br><br>Antony Blinken, in his official capacity as Secretary of State, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-01844-TNM |

PLAINTIFF'S MOTION
FOR EXTENSION OF AMENDED-COMPLAINT DEADLINE
AND FOR ENTRY OF SCHEDULE

Pursuant to Federal Rule of Civil Procedure 6(b) and Directive No. 8 of this Court's Standing Order (Dkt. 7), Plaintiff Abigail Carmichael Jordan hereby moves for an extension of her amended-complaint deadline to February 3, 2025, and for entry of a schedule to govern further proceedings, and states as follows:

1.  In this action, Plaintiff challenges the denial of her application for a U.S. passport.

2.  On June 26, 2024, Plaintiff, acting *pro se*, filed her Complaint and an Immediate Emergency Injunction Motion to Compel the Issuance of Passport. Dkts. 1, 3.

3.  On December 10, 2024, Defendants filed a combined opposition to Plaintiff's Immediate Emergency Injunction Motion and Motion to Dismiss. Dkts. 17, 18.

4.  On December 18, 2024, this Court entered an Order requesting the undersigned to represent Plaintiff in this action. *See* Minute Order of December 18, 2024.

1

5. On December 23, 2024, Plaintiff moved to extend the deadline to amend her Complaint as a matter of course and the deadline to file her opposition to Defendants' Motion to Dismiss to January 13, 2025. Dkt. 21. The motion explained that additional time was needed for Plaintiff's newly appointed counsel to assess the case and "for Plaintiff to determine—in consultation with [counsel]—whether to continue briefing the existing motions or instead to file an amended Complaint and potentially pursue further motions practice." *Id.* ¶ 10. Plaintiff advised that she would "confer with Defendants regarding an appropriate schedule for further proceedings that Plaintiff will propose to the Court on or before January 13." *Ibid.*

6. On December 30, 2024, the Court granted Plaintiff's December 23 motion. *See* Minute Order of December 30, 2024.

7. In accordance with her December 23 motion, Plaintiff advises that she intends to file an amended complaint as a matter of course by February 3, 2025, and therefore requests an extension of the deadline to file her amended complaint to February 3, 2025. Plaintiff believes that the most appropriate way for the case to then proceed is through cross-motions for summary judgment. Plaintiff thus proposes the following schedule for further proceedings:

Plaintiff's amended complaint:  **February 3, 2025**
Defendants' certified list of the contents of the administrative record:  **February 19, 2025**
Plaintiff's motion for summary judgment:  **March 5, 2025**
Defendants' opposition/cross-motion for summary judgment:  **April 4, 2025**
Plaintiff's reply/opposition:  **April 25, 2025**
Defendants' reply:  **May 16, 2025**

8. Under Federal Rule of Civil Procedure 6(b), this Court has discretion to extend both Plaintiff's deadline to amend the Complaint as a matter of course and the default briefing deadlines. *See, e.g.*, *Sevier v. Lowenthal*, 302 F. Supp. 3d 312, 324 (D.D.C. 2018); *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 117 (D.D.C. 2014).

9. Good cause exists for an extension of Plaintiff's amended-complaint deadline to February 3, 2025. As explained in her December 23, 2024 motion, Plaintiff's request for an initial extension of deadlines to January 13, 2025 was intended to provide time for her newly appointed counsel to conduct a thorough assessment of the case and for Plaintiff to determine by January 13—in consultation with her counsel—whether to continue briefing the existing motions or instead to file an amended complaint and pursue further motions practice. Now that Plaintiff has determined the course she intends to pursue—an amended complaint—Plaintiff requests three additional weeks to file that pleading.

10. Good cause also exists for entry of the proposed briefing schedule. Plaintiff has been seeking a passport for more than five years and filed this case in an emergency posture more than six months ago. Plaintiff submits that this schedule strikes an appropriate balance between her interest in proceeding expeditiously and the constraints on Defendants' time and resources. Although Plaintiff and the current Defendants have initiated discussions that could potentially lead to a non-litigation resolution of this case, Plaintiff has an interest in ensuring that the litigation continues to move forward efficiently and without unnecessary delay in the event the parties' discussions do not result in a satisfactory resolution.

11. Plaintiff currently anticipates that she may add certain Virginia officials as defendants in the amended complaint. The U.S. State Department's sole stated basis for denying Plaintiff's passport application was her inability to submit "[a] statement from the appropriate state registrar of records certifying that there is no birth record on file" for her. Dkt. 1-2, Ex. 10 (State Department Jan. 4, 2023 letter). Plaintiff has repeatedly but unsuccessfully attempted to obtain that document directly from the Virginia Office of Vital Records. Plaintiff's understanding is that the Office would not provide the document unless she took steps that violate her sincere religious

convictions. Earlier today (January 13, 2025), Plaintiff sent a letter to the Virginia Office of Vital Records to urge the Office to provide the document to Plaintiff without compelling Plaintiff to violate her religious convictions, or alternatively to confirm and clarify its position. If the Virginia Office of Vital Records does not provide that document and the case is not otherwise resolved by January 31, 2025, Plaintiff currently anticipates naming the appropriate Virginia officials as defendants in her amended complaint and proceeding promptly to briefing dispositive motions in accordance with the above schedule. If any additional defendants request modifications of the schedule the Court adopts, the Court can address such requests in due course. By entering a briefing schedule now, the Court can ensure the case proceeds without unnecessary delay.

12. This motion is made in good faith and not for purposes of delay. Plaintiff previously requested and received an extension of the deadlines to file her amended complaint and opposition to Defendants' Motion to Dismiss. It also appears that the Court *sua sponte* granted Plaintiff an extension of time to complete service of process upon Defendants. *See* Minute Order of October 16, 2024; Minute Order of November 18, 2024. Defendants requested and received a 21-day extension of time to file their response to Plaintiff's Complaint. *See* Dkt. 14; Minute Order of November 19, 2024. The requested extension would have no impact on any other deadlines, as no other deadlines (or hearings) have been set in this action. Defendants would not be prejudiced by the requested extension.

13. Pursuant to Local Civil Rule 7(m), the undersigned conferred with counsel for the Official-Capacity Defendants (*see* Dkt. 18, at 1 n.1) on January 3, 2025 regarding this motion. On January 13, 2025, counsel stated that those defendants consent to an extension of the amended-complaint deadline to February 3, 2025, but that they do not otherwise consent to entry of Plaintiff's proposed schedule.

WHEREFORE, Plaintiff respectfully requests that the Court extend the deadline to file an amended complaint as a matter of course to February 3, 2025. Plaintiff also respectfully requests that the Court enter the following schedule to govern further proceedings:

> Plaintiff's amended complaint: **February 3, 2025**
> Defendants' certified list of the contents of the administrative record: **February 19, 2025**
> Plaintiff's motion for summary judgment: **March 5, 2025**
> Defendants' opposition/cross-motion for summary judgment: **April 4, 2025**
> Plaintiff's reply/opposition: **April 25, 2025**
> Defendants' reply: **May 16, 2025**

Dated: January 13, 2025

Respectfully submitted,

/s/ Robert A. Batista
Robert A. Batista (D.C. Bar No. 1618522)
  *Counsel of Record*
Jonathan C. Bond (D.C. Bar No. 1003728)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
RBatista@gibsondunn.com
JBond@gibsondunn.com

*Counsel for Plaintiff*