IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Abigail Carmichael Jordan,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Marco Rubio, in his official capacity as U.S. Secretary of State, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-01844-TNM |

**PROOF OF SERVICE OF AMENDED COMPLAINT ON VIRGINIA DEFENDANTS**

　　　　I hereby certify that service of the summons, amended complaint, Standing Order for Cases Before Judge Trevor N. McFadden, and Civil Docket Sheet for the above-captioned case was effected pursuant to Federal Rules of Civil Procedure 4(e) and 4(j) on Defendants Darryl Hellams, in his official capacity as Deputy Director of Virginia's Office of Vital Records; Seth Austin, in his official capacity as Director & State Registrar of Virginia's Office of Vital Records; Suresh Soundararajan, in his official capacity as Chief Information Officer for the Virginia Department of Health; and Karen Shelton, in her official capacity as Commissioner for the Virginia Department of Health (collectively, the "Virginia Defendants").

　　　　1.　　A conflict of authority exists regarding whether state officials sued in their official capacity are subject to service under Federal Rule 4(e) or 4(j), *see, e.g.*, *Larson v. Minn. Dep't of Hum. Servs.*, 2023 WL 8868812, at *3 (D. Minn. Dec. 22, 2023) (collecting cases on both sides of the conflict), and I have identified no D.C. Circuit precedent addressing this issue.  Accordingly,

1

out of an abundance of caution, service of process upon the Virginia Defendants was effected pursuant to both Federal Rule 4(e) and 4(j).

2. Federal Rule 4(e) authorizes service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). D.C. law, in turn, authorizes service of individuals "by registered or certified mail, return receipt requested." D.C. Super. Ct. R. Civ. P. 4(c)(4).

3. Accordingly, on February 4, 2025, I caused to be deposited in the United States Mail copies of the summons, amended complaint, Standing Order for Cases Before Judge Trevor N. McFadden, and Civil Docket Sheet for the above-captioned case, addressed separately to Defendants Hellams, Austin, Soundararajan, and Shelton. In addition, although not required by Federal Rule 4(e)(1) or D.C. Rule 4(c)(4), I caused to be deposited in the United States Mail a copy of the summons, amended complaint, Standing Order for Cases Before Judge Trevor N. McFadden, and Civil Docket Sheet for the above-captioned case, addressed to the Office of the Virginia Attorney General. *Cf.* Fed. R. Civ. P. 4(i)(1)(B).

4. On February 7, 2025, the copies of the summons, amended complaint, Standing Order for Cases Before Judge Trevor N. McFadden, and Civil Docket Sheet for the above-captioned case were delivered to each recipient by U.S. certified mail. The following chart lists the receipt number for each mailing and the date of delivery, as shown in the corresponding Exhibit for each recipient.

| Recipient | Receipt Number | Receipt & Tracking Report | Delivery Date |
|---|---|---|---|
| Darryl Hellams | 7003 0500 0002 4328 8204 | **Exhibit A** | February 7, 2025 |

| Recipient | Receipt Number | Receipt & Tracking Report | Delivery Date |
|---|---|---|---|
| Seth Austin | 7003 0500 0002 4328 8211 | **Exhibit B** | February 7, 2025 |
| Suresh Soundararajan | 7003 0500 0002 4328 8228 | **Exhibit C** | February 7, 2025 |
| Karen Shelton | 7003 0500 0002 4328 8242 | **Exhibit D** | February 7, 2025 |
| Office of the Attorney General of Virginia | 7003 0500 0002 4328 8259 | **Exhibit E** | February 7, 2025 |

5. Federal Rule 4(e) also authorizes service by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). In addition, Federal Rule 4(j) authorizes service by "serving a copy of [the summons and complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B). Although Virginia law does not appear to prescribe any particular method for service upon state officials sued in their official capacity, *see generally* Va. Code §§ 8.01-296–8.01-327, Virginia state officials have not contested service in other federal cases where process was hand-delivered to an authorized agent of the state official, *see*, *e.g.*, *Brown v. Smith*, No. 1:24-cv-477 (E.D. Va.), ECF No. 10; *Am. Const. Rights Union v. Beals*, No. 3:23-cv-776 (E.D. Va.), ECF No. 17; *King v. Youngkin*, No. 3:23-cv-408 (E.D. Va.), ECF Nos. 24, 25, 26, 27, 28, 29.

6. Accordingly, on February 5, 2025, I caused copies of the summons, amended complaint, Standing Order for Cases Before Judge Trevor N. McFadden, and Civil Docket Sheet for the above-captioned case to be hand-delivered to authorized agents for Defendants Hellams (**Exhibt F**), Austin (**Exhibit G**), Soundararajan (**Exhibit H**), and Shelton (**Exhibit I**). In addition, although not required by Federal Rule 4(e)(2)(C) or 4(j)(2)(B), I also caused a copy of the summons, amended complaint, Standing Order for Cases Before Judge Trevor N. McFadden, and

3

Civil Docket Sheet for the above-captioned case to be hand-delivered to the Office of the Virginia Attorney General, *cf.* Fed. R. Civ. P. 4(i)(1)(B), but that Office refused to accept service (**Exhibit J**).

7.  Federal Rule 4(j) also authorizes service by "delivering a copy of the summons and of the complaint to [the State's] chief executive officer." Fed. R. Civ. P. 4(j)(2)(A). Accordingly, on February 5, 2025, I caused a copy of the summons, amended complaint, Standing Order for Cases Before Judge Trevor N. McFadden, and Civil Docket Sheet for the above-captioned case to be hand-delivered to the Office of the Governor of Virginia, but that Office refused to accept service (**Exhibit K**). Regardless, for the reasons explained above, the Virginia Defendants were properly served pursuant to both Federal Rule 4(e) and 4(j).

8.  The default deadline for the Virginia Defendants to respond to the amended complaint would be February 28, 2025, *i.e.*, 21 days from the latest possible date they were served, *see supra* ¶ 4; Fed. R. Civ. P. 12(a)(1)(A)(i), but in this case there is already a summary-judgment schedule in place that supersedes that default for purposes of briefing, *see* Minute Order of Jan. 21, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| Executed on February 11, 2025 | */s/ Robert A. Batista*<br>Robert A. Batista (D.C. Bar No. 1618522)<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504<br>Telephone: (202) 955-8500<br>Facsimile: (202) 467-0539<br>RBatista@gibsondunn.com<br><br>*Counsel for Plaintiff* |