IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Abigail Carmichael Jordan,<br><br>                Plaintiff,<br><br>   v.<br><br>Marco Rubio, in his official capacity as U.S. Secretary of State, *et al.*,<br><br>                Defendants. | Case No. 1:24-cv-01844-TNM |

**PLAINTIFF'S OPPOSITION TO THE FEDERAL DEFENDANTS'
MOTION TO EXTEND THE TIME FOR FILING THEIR RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    Plaintiff Abigail Carmichael Jordan respectfully opposes the Federal Defendants' request (Dkt. 37) for a 60-day extension of the April 4 deadline that this Court set more than two months ago. *See* Minute Order of Jan. 21, 2025. Although Mrs. Jordan ordinarily would attempt to make reasonable adjustments to accommodate counsel in appropriate circumstances, the Federal Defendants' motion filed four days before their deadline offers no sound justification for that lengthy delay. To the contrary, the intervening developments in the past two months that the Federal Defendants' motion describes—including their belated and unsuccessful efforts to moot this case—only underscore the need to adhere to the existing Court-ordered briefing schedule. Neither the Federal Defendants' recent conduct nor the ever-present press of other business warrants upending the schedule now.

    1.    The Federal Defendants' extension motion in effect seeks to relitigate a dispute the Court has already decided. When Mrs. Jordan (following appointment of her counsel) sought entry

1

of the existing schedule, she explained her strong interest in ensuring that the case continued to move forward efficiently and without unnecessary delay if the parties did not reach a satisfactory non-litigation resolution. Dkt. 23, ¶ 10. Even so, although her six-year wait for a passport and then-upcoming travel plans might have warranted expedition, Mrs. Jordan did *not* (contrary to the Federal Defendants' suggestion) seek "expedited … summary judgment." Dkt. 37, at 5. Instead, recognizing the constraints on the Federal Defendants' time and resources, she proposed a reasonable briefing schedule that gives the Federal Defendants more than double the amount of time to file their briefs than they would have by default. *See* Dkt. 23, ¶¶ 7, 10; *cf.* LCvR 7(b), (d). The Federal Defendants opposed even that extended schedule, Dkt. 23, ¶ 13, but the Court approved it over their objection, *see* Minute Order of Jan. 21, 2025. The Court reaffirmed that summary-judgment briefing schedule when it granted the Federal Defendants' February 14 request for a stay of their deadline to respond to the amended complaint and for an extension of their deadline to file the certified contents of the administrative record. *See* Minute Order of Feb. 14, 2025, on Motion for Extension of Time ("All other deadlines remain in place."); *see also* Minute Order of Feb. 21, 2025 (same).

       The Federal Defendants identify no reason to jettison that briefing schedule at this late date. They have known of the schedule for the filing of the amended complaint and summary-judgment briefs—including their April 4 briefing deadline—for more than two months. Although the parties also endeavored in parallel to find a satisfactory non-litigation resolution, those efforts did not succeed, and Mrs. Jordan made clear to the Federal Defendants at every turn that she would continue to press her claims unless and until the dispute was fully resolved. Briefing should thus proceed according to the existing schedule for the reasons the Court entered it in the first place.

2. The Federal Defendants contend that an extension is warranted because, after refusing for years to provide Mrs. Jordan a passport and invoking obstacles to its issuance that Mrs. Jordan has alleged are unlawful, "the State Department has now received satisfactory documentation from the State of Virginia and has agreed to issue [Mrs. Jordan] a passport" if she applies yet again and submits a new photograph. Dkt. 37, at 5. But Virginia's cooperation—secured as a result of Mrs. Jordan's amended complaint alleging unlawful conduct by the Commonwealth—has no bearing on the briefing schedule for her remaining claims against the Federal Defendants, and it provides no basis to grant them two additional months to answer Mrs. Jordan's arguments.

That is particularly true here given the timing of the Federal Defendants' late-breaking actions. Counsel for the Federal Defendants informed Mrs. Jordan's counsel of their receipt of the Letter of No Record from Virginia on February 27, less than a week before her summary-judgment brief was due. Dkt. 35, at 3, 20. And the Federal Defendants' counsel informed Mrs. Jordan's counsel only on March 5—mere hours before that brief had to be filed—of the Federal Defendants' latest stance that Mrs. Jordan would receive a passport if she submits a further passport application and photograph. *Id.* at 20-21. The Federal Defendants should not be permitted to leverage their own thirteenth-hour efforts to moot this litigation as a basis to triple the time for filing their summary-judgment brief.

3. The Federal Defendants suggest that their belated recognition that Mrs. Jordan is entitled to a passport has eliminated all urgency from the litigation (Dkt. 37, at 5), but that is unfounded. The Federal Defendants still have not issued her a passport. Instead, they now seek to interpose *new* conditions for issuance of a passport, requiring Mrs. Jordan to go back to square one and submit what would be her *fourth* application and a new photograph. *See* Dkt. 24, ¶¶ 40,

3

50, 53 (discussing Mrs. Jordan's first three applications). The Federal Defendants have not identified any authority for those putative requirements. Their only stated justification for demanding them is that more than two years have elapsed since Mrs. Jordan submitted her most recent application and photograph—delay caused by the *Federal Defendants'* unlawful refusal to issue her a passport. Mrs. Jordan's need for prompt judicial relief remains as pressing as it has been from the outset.

To the extent the Federal Defendants' motion is meant to suggest that their voluntary cessation of the challenged conduct has mooted the controversy, that provides no basis to upend the summary-judgment briefing schedule for multiple reasons. For one, any question of mootness should be addressed in that very briefing, not used as an excuse to sidetrack the summary-judgment process. To that end, anticipating a mootness argument by the Federal Defendants, Mrs. Jordan addressed it in her summary-judgment motion. Dkt. 35, at 38-40. The Court should not alter the briefing schedule based on an *assumption* that the Federal Defendants would prevail on that issue.

For another, the Federal Defendants cannot carry their burden of demonstrating mootness. As the Supreme Court has repeatedly made clear, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). The Federal Defendants have provided no such assurance. Moreover, Mrs. Jordan's amended complaint does not merely "as[k] that the Court order … issu[ance] [of] a passport," *contra* Dkt. 37, at 3, but it instead also seeks broader relief—including a declaration that the Federal Defendants violated Mrs. Jordan's rights and never had any valid basis to demand additional documentation from her or Virginia, *see, e.g.*, Dkt. 24, ¶¶ 102, 145. That additional relief is meaningful and necessary to ensure that the Federal

Defendants do not later revert to their prior view (or adopt some other, new position) and revoke her passport or refuse to renew it.

In addition, the Federal Defendants rejected a course that would have enabled resolution of the dispute without further litigation of the merits, and on this point their account of intervening developments is incomplete. After the Federal Defendants stated in late February that they had obtained a Letter of No Record from Virginia, Mrs. Jordan stated her willingness to terminate the litigation against the Federal Defendants if they issued her the passport and entered into a consent decree stipulating that they would not revoke her passport or deny any future passport or renewal applications on the basis that she lacks a birth certificate and would take into account the Letter of No Record for any future passport adjudications. But the Federal Defendants declined to entertain any consent decree. They are of course free to make that choice, but the consequence is that the litigation continues.

4. Mrs. Jordan recognizes that counsel has other obligations, and she appreciates the Federal Defendants' assent to extensions necessitated by undersigned counsel's appointment by the Court. But she respectfully submits that in these circumstances those other commitments do not justify the lengthy extension the Federal Defendants now seek here. The existing schedule affords the Federal Defendants more time for their briefs than they would have under the default rules, and counsel has known about the Court-approved April 4 deadline for more than two months. And although the Federal Defendants point to one emergency assignment in another matter, there is no suggestion that the deadlines for the others—including appellate briefs, dispositive motions, a fees-request brief, a deposition, and filing status reports—came as a surprise. Dkt. 37, at 5. In addition, the Federal Defendants' counsel has been familiar with many of the issues in this case

since before the current round of briefing began, having filed a motion to dismiss and opposition to injunctive relief in early December. Dkt. 18, at 25.

*****

Mrs. Jordan has waited six years for the passport to which she is legally entitled, and recent events in this case have confirmed that only by vigorously advocating her rights in litigation can she obtain meaningful relief. The Federal Defendants' tardy attempts to short-circuit this litigation provide no basis for a lengthy briefing delay, and their request to triple their briefing time comes far too late. The Court should not encourage such conduct and should instead deny the extension.

## CONCLUSION

The Court should deny the Federal Defendants' motion.

Dated: April 1, 2025

Respectfully submitted,

*/s/ Robert A. Batista*
Robert A. Batista (D.C. Bar No. 1618522)
  *Counsel of Record*
Jonathan C. Bond (D.C. Bar No. 1003728)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
RBatista@gibsondunn.com
JBond@gibsondunn.com

*Counsel for Plaintiff*